317 So.2d 136 (1975)
Alda Phyllis FELDMAN, Appellant,
v.
Al FELDMAN, Appellee.
No. 74-1549.
District Court of Appeal of Florida, Third District.
July 22, 1975.
Harvey Richman, Miami Beach, for appellant.
Brian R. Hersh, Miami, for appellee.
Before BARKDULL, C.J., and HENDRY and HAVERFIELD, JJ.
*137 PER CURIAM.
Appellant, ex-wife, takes this appeal to review a post decretal order reducing the amount of alimony and child support payments required to be made by appellee, ex-husband.
The marital ties between Al and Alda Feldman were severed on December 29, 1970. Prior thereto they executed a separation and property settlement agreement which provided, inter alia, that appellee, Al Feldman, pay Alda $500 per month as alimony and $2,250 per month as child support. Upon the minor son, Marc, reaching the age of 21 or Alda remarrying, these sums were to be modified.
Subsequently, in November 1973, Al Feldman, pursuant to § 61.14, Fla. Stat., F.S.A. filed a petition for modification of the terms of the 1970 property settlement agreement. Alda Feldman answered and an evidentiary hearing was held. The chancellor, impressed with the candid testimony of Al Feldman, entered his order (1) reducing the total monthly payments to Alda Feldman from $2,750 to $1,500, (2) directing that Al Feldman support and make direct payments to Marc (age 19) until he attains the age of 21 years, and (3) providing for a review of the alimony award on or about February 1, 1976 upon proper notice and hearing by either side. Alda Feldman appeals and contends that the chancellor abused his discretion. We cannot agree.
The established law is that a chancellor is authorized by § 61.14, Fla. Stat., F.S.A. to modify support and maintenance obligations owing by one spouse to another when the circumstances of the parties have so changed as to necessitate such modification, regardless of whether the obligations to pay emanate from a property or separation agreement or a judgment rendered by a court of competent jurisdiction. Posner v. Posner, Fla. 1972, 257 So.2d 530; Martin v. Martin, Fla.App. 1972, 261 So.2d 179. Furthermore, whether or not an alimony award should be modified is within the broad discretion of the chancellor. See 10A Fla.Jur. Dissolution of Marriage § 318 (1973) and cases cited therein.
The evidence adduced at the hearing on the petition for modification revealed that Al Feldman had suffered severe business loss and as a result of this decline in his financial condition was compelled to borrow to pay the support obligations which exceeded his income. On the other hand, Alda Feldman is gainfully employed, drives a late model automobile which is paid in full, and has in her savings approximately $45,000. Testimony further revealed that the minor son, Marc, lives in his own apartment[1] and receives only $300 per month child support from his mother.
Hence, we conclude that the chancellor by relieving Mrs. Feldman of her financial responsibility to support her son, Marc, and placing this obligation upon the father and increasing the alimony award from $500 to $1,500 per month was not an abuse of discretion as there was a sufficient change in the circumstances of the parties to warrant a modification of the property settlement agreement. Cf. Purcell v. Purcell, Fla.App. 1969, 223 So.2d 389; Conklin v. Conklin, Fla.App. 1973, 286 So.2d 236.
Accordingly, the order herein appealed is affirmed.
Affirmed.
NOTES
[1] for which appellee currently is providing the rent.