PER CURIAM.
Upon dissolution of a marriage, the mother was awarded the custody of two minor children of the parties, two sons: James W., Jr. (then 15, now 16), and Douglas (then 11, now 12), and the father was required to pay $50.00 a week as support for each of the minor children. Subsequent to the dissolution of the marriage, the oldest son had an altercation with his mother, left her house, and moved in with the father. The father immediately attempted to secure a reconciliation between the older boy and his mother, without success. He thereupon moved for an order of modification, changing the custody of the *835 older son to himself and reducing the amount of child support.
The trial judge awarded temporary custody to the father upon the petition, but at this time denied a reduction in the child support. Several months later, the matter came on for a hearing as to the custody of the older boy. After conferences with the boy and receiving evidence by the parties, the trial judge entered the order here under review, leaving temporary custody of the older son with the father and reaffirming his order declining, to reduce the child support and awarding a minimal attorney’s fee to the wife. This appeal ensued, the husband contending that the award of custody should have been permanent, that the trial judge should have reduced the child support payments and the award of attorney’s fees.
The record indicates that the husband, because of the older boy taking up residence with him was required to move his residence in order for the older son to have sufficient space to accommodate him and to be near to his school, etc. We hold that, because of the age of the older son and under these circumstances, the trial judge should have made the custody of this son permanent with the father and that, upon such custody being made permanent, all child support for this child should have ceased.[1] Goldstein v. Goldstein, Fla.App. 1972, 264 So.2d 49; In Re Gregory, Fla. 1975, 313 So.2d 735; Feldman v. Feldman, Fla.App.1975, 317 So.2d 136; Cf. Simon v. Simon, Fla.App.1975, 319 So.2d 46.
We have examined the appellant’s point as to attorney’s fees and find no abuse of discretion on the part of the trial judge in the award as made.
Therefore, for the reasons above stated, the order here under review is modified to provide permanent custody of the older son in the father and to eliminate the support payments of $50.00 to be made on behalf of the older son, James E. Curley, Jr.

. The support payments made prior to the effective date of this opinion should not be returned by the wife, but should cease upon the date of the mandate of this court.