512 So.2d 236 (1987)
Stanley Bernard GELMAN, Appellant,
v.
Roslyn Uditsy GELMAN, Appellee.
No. BO-12.
District Court of Appeal of Florida, First District.
August 13, 1987.
Rehearing Denied September 22, 1987.
*237 Barry L. Zisser, of Zisser, Robison, Spohrer, Wilner & Harris, Jacksonville, for appellant.
Francine Clair Landau, of Inman and Landau, P.A., Jacksonville, for appellee.
SHIVERS, Judge.
The husband in this dissolution of marriage action appeals, raising two grounds for reversal: (1) that the trial court erred in ordering equitable distribution of the marital home to wife as lump sum alimony, and (2) that the trial court's award of $300 per week child support was excessive.
We affirm the first point finding, after a thorough review of the record on appeal, that the evidence supports both a justification for the lump sum award of the marital home to the wife, and a finding of financial ability of the husband to make such an award without substantially endangering his economic status. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). Mrs. Gelman conceded that there was a shortage of cash, making equitable distribution of the marital assets as alimony necessary in this case. And, although the evidence indicates that there are several marital assets besides the marital home, including investment companies, a beauty salon, and husband's law office, the wife appears to have little or no skills for managing a business or an investment company and the parties' obviously acrimonious relationship would make joint ownership an unreasonable option.
Mr. Gelman argues that since the marital home was titled in his name alone, and was purchased entirely with money loaned to him by his father, the home constituted a nonmarital asset and, thus, was not properly awarded to Mrs. Gelman. However, where marital assets are insufficient to provide alimony for support, nonmarital assets may be drawn upon. Gardner v. Gardner, 452 So.2d 981 (Fla. 5th DCA 1984).
As to appellant's second issue, we reverse. At the time of the dissolution hearing in this case, the parties had three minor children, ages 11, 15, and 17. The trial court awarded the wife primary residential care of the children, and ordered the husband to pay child support in the amount of $100 per week per child, as well as to pay for karate lessons for the oldest child and private school tuition and Bar Mitzvah costs for the youngest child, and to maintain health, dental, and life insurance for the children. The final judgment also specifically provided that child support would not be decreased by one third when the oldest child graduated from high school.
We reverse the award of child support on two bases. First, although it is difficult to determine the children's needs from her financial affidavit, the wife stated at the final hearing that she felt she would need $300 per week to support the three children. It appears from her testimony that this figure included such things as karate lessons and private school tuition; however, the court ordered the husband to pay for these expenses in addition to $300 in child support. Since there is no finding or explanation in the judgment as to why the court awarded an amount in excess of the children's apparent needs, we reverse and remand for the trial court to either adjust the child support award or enter an amended judgment setting out the basis for the award. McCray v. McCray, 493 So.2d 1117 (Fla. 1st DCA 1986). The trial court may receive additional evidence in its discretion.
Second, this court has held that where the evidence indicates a child's continuing need for support and the paying spouse's ability to contribute, the court may award continuing child support beyond the age of 18. Evans v. Evans, 456 So.2d 956 (Fla. 1st DCA 1984). However, where the court has made no finding that a child over the age of 18 is dependent, it is improper to require continuing child support payments. Dwyer v. Dwyer, 327 So.2d 74 (Fla. 1st DCA 1976). Since the evidence in the instant case indicates that the parties' oldest child will be 18 upon his graduation from high school, and since the court made no finding of dependency or of the husband's continued ability to pay, we reverse *238 and remand this portion of the supplementary final judgment for the trial court to either strike the continuing child support requirement or make a specific finding of fact which would support the requirement.
Accordingly, we affirm in part, reverse and remand for further proceedings consistent with this opinion.
THOMPSON and NIMMONS, JJ., concur.