536 So.2d 367 (1988)
Bobby J. SOLES, Appellant,
v.
Susan S. SOLES, Appellee.
No. 88-1910.
District Court of Appeal of Florida, First District.
December 28, 1988.
*368 Albert H. Mickler, Jacksonville, for appellant.
Michael A. Durant, of Lewis, Paul, Isaac & Castillo, Jacksonville, for appellee.
WENTWORTH, Judge.
Appellant seeks review of a June 1988 order by which he is required to pay temporary child support. Subsequent to the filing of this appeal the lower court entered an August 1988 order purporting to clarify and modify the June order. We find that the court lacked jurisdiction to enter the August order, and that the June order is ambiguous as to the basis of the award. We therefore quash the August order, and reverse the June order.
This action commenced when appellee petitioned for separate maintenance and sought temporary child support. The parties had two children, one who was still a minor and another who had attained the age of 18 and was attending high school. Appellee requested support both for the minor child and for the older one until he graduates. After a hearing the court entered its June 1988 order recognizing that there may not be a legal obligation to support the older child, but suggesting that the parties have a moral obligation in this regard. Appellant was directed to pay weekly child support of $100, until further order.
Appellant filed a notice of appeal, and the lower court thereafter entered its August 1988 order which it deemed to be both a clarification and modification, and which addressed the predicate for the child support which had been previously awarded. This August order exceeded the scope of the lower court's concurrent jurisdiction pursuant to Fla.R.App.P. 9.600 and 9.130(f), as it directly addressed the substance of the matter appealed. Since the lower court lacked jurisdiction to amend the appealed order, the subsequent August order must be quashed. See generally, Floyd v. Floyd, 500 So.2d 317 (Fla. 2d DCA 1986).
As to the merits of the June order, the parties are in agreement that support may not be mandated after a child's eighteenth birthday absent a finding of dependency, even if the child is still attending high school. Compare Gelman v. Gelman, 512 So.2d 236 (Fla. 1st DCA 1987), with Evans v. Evans, 456 So.2d 956 (Fla. 1st DCA 1984); also see Carter v. Carter, 511 So.2d 404 (Fla. 4th DCA 1987). In the present case the court did not find dependency as to the older child. The support award does not specify whether it is for one or both of the children, and the reference to the parties' "moral obligation" creates some ambiguity as to the basis of the award. While the amount awarded is not necessarily improper, we find the order to be inadequate insofar as we are unable to determine whether support is being awarded for one or both of the children.
The August 1988 order is quashed. The June 1988 order is reversed, and the cause remanded.
MILLS and SHIVERS, JJ., concur.