540 So.2d 243 (1989)
Trudy H. LEAIRD, Appellant,
v.
Bill Dean LEAIRD, Appellee.
No. 87-3131.
District Court of Appeal of Florida, Fourth District.
March 29, 1989.
*244 Charles T. Whitelock of Whitelock and Moldof, Fort Lauderdale, for appellant.
Douglas S. Lambeth, Fort Lauderdale, for appellee.
DOWNEY, Judge.
The parties hereto were divorced on September 13, 1972. The final judgment awarded custody of the parties' minor child to the appellant wife, together with twenty-five dollars per week for child support. The judgment was silent as to the duration of the child support payments.
On September 24, 1986, the wife filed a petition to modify said judgment by increasing the child support to eighty-five dollars per week and to require the husband to pay a portion of the anticipated college expenses for the child, then sixteen years of age. A financial affidavit filed by the wife showed the child's expenses were in excess of two hundred and eighty dollars per week and there was evidence of the husband's ability to pay. Furthermore, the husband conceded that the weekly award was inadequate to meet the child's present needs. Nevertheless, the trial court denied the wife's request both for increased child support and assistance in meeting his college expenses. The trial court also declared that the age of majority in this case would be twenty-one, apparently because the final judgment of dissolution predated the enactment of section 743.07, Florida Statutes (1973) (reducing the age of majority to eighteen).
Although confusion seems to abound regarding parents' obligation to educate their children, this court has held that a parent does not have a legal obligation to furnish a child, unemancipated or not, with a higher education. French v. French, 452 So.2d 647 (Fla. 4th DCA 1984). Several other cases out of this court, dealing only with children over age eighteen, have also concluded that there is no obligation to furnish college expenses. Klein v. Klein, 413 So.2d 1297 (Fla. 4th DCA 1982); Genoe v. Genoe, 373 So.2d 940 (Fla. 4th DCA 1979); Kern v. Kern, 360 So.2d 482 (Fla. 4th DCA 1978); French v. French, 303 So.2d 668 (Fla. 4th DCA 1974). We maintain that the supreme court, in Grapin v. Grapin, 450 So.2d 853 (Fla. 1984), while dealing specifically with a post-majority child, stands for the proposition that there is no legal obligation to furnish a child with a college education. While the law recognizes that the duties of a natural guardian to an unemancipated child include the obligation to nurture, support, educate and protect the child, there are other opportunities that can be provided to learn a trade, occupation, or profession other than through a college education. See Kern, 360 So.2d at 484; § 744.361(1), Fla. Stat. (1987). Therefore, although the child had not reached his majority in this case, there was no legal obligation on appellee's part to furnish the wherewithal to send him to college.
Regarding the petition for upward modification, we conclude that the trial court erred in denying it. The current payment of twenty-five dollars per week was entered when the child was two years old. The evidence shows that the wife needs the money to support him. The husband concedes the current payment is inadequate. Finally, the evidence indicates the husband can afford an increase and nothing we find would militate against it. We, therefore, hold that the trial court erred in denying the petition for an increase in the child support.
*245 The order appealed from is reversed as to the denial of modification, and the cause is remanded for further proceedings to determine the amount of increase to which the wife was entitled commencing on the date the petition was filed. The order is affirmed as to the court's declaration that the age of majority in this case was twenty-one; however, it should have specified that the child support payments should continue until age twenty-one, unless the child dies or marries prior thereto.
REVERSED IN PART; AFFIRMED IN PART.
DELL and POLEN, JJ., concur.