FASTRACK APPEAL
GARRETT, Judge.
Appellant-wife appeals the trial court’s order dismissing her supplemental petition for modification for lack of “subject matter” jurisdiction.
The Final Judgment, entered in March, 1986, among other things, dissolved the marriage and ordered the primary residence of their children to be with appellee-husband in New York. The children left Florida in August, 1986.
In December, 1986, during the pendency of an appeal of the Final Judgment, wife petitioned to modify the custody provisions of the Final Judgment and moved for emergency relief to stay the children’s return to New York after a Christmas vacation visit to Florida. The emergency relief was denied.
In May, 1987, this court affirmed the Final Judgment.
During the next six months, husband filed several notices to hear his “Motion to Dismiss Wife’s Petition for Modification” but no hearing was held.
In November, 1987, wife filed an “Amended Supplemental Petition for Modification.” Husband countered by filing another motion to dismiss which was denied in January, 1988.
Before the scheduled December, 1988 final hearing and after denying husband’s motion for summary judgment, the trial court on its sua sponte motion denied wife’s supplemental petition.
We affirm in part and reverse in part.
Florida Circuit Courts have “subject matter” jurisdiction over child custody proceedings. § 26.012, Fla.Stat. (1987).
Section 61.1308, Florida Statutes (1987), the Uniform Child Custody Jurisdiction Act (U.C.C.J.A.), determines whether a Florida Circuit Court can determine interstate child custody in a particular case. The basis to so decide is “home state” or “significant connection” jurisdiction.
The U.C.C.J.A. recognizes “home state” jurisdiction when Florida is home to the child at the time of the commencement of the initial or modification proceeding, or when Florida had been the child’s home within six months before commencement of the proceedings and the child is no longer in Florida at such commencement because someone claiming custody has taken the child out of this state but a parent remains in Florida. § 61.1308(l)(a), Fla.Stat. (1987).
The trial court correctly found the lack of “home state” jurisdiction (although mislabeled “subject matter” jurisdiction).
At the time wife filed her petition to modify, the children did not live in Florida.
Upon appeal of the final judgment the trial court lost jurisdiction to proceed further without this court relinquishing jurisdiction for a particular purpose. Fla. R.App.P. 9.600 & 9.130(f).
Wife’s petition to modify, although filed within six months of the children living in Florida, had no force or effect because it was filed during the time the appeal divested the trial court of jurisdiction. Soles v. Soles, 536 So.2d 367 (Fla. 1st DCA 1988). The amended petition filed over a year after the children left Florida did not relate back to the filing date of the petition to modify. To permit the amended petition to relate back would negate the rule granting exclusive jurisdiction in an appellate court during an appeal.
*748 Having ruled against invoking “home state” jurisdiction, the trial court should have then considered whether “significant connection” with this state conferred jurisdiction to determine the interstate child custody. Since the appealed order does not indicate the trial judge addressed whether the best interests of the children would be served by a Florida court determining their custody, we remand with directions to give the parties the opportunity to be heard on what evidence exists in this state concerning the children’s present or future care, protection, training, and personal relationships. § 61.1308(l)(b), Fla.Stat. (1987).
AFFIRMED IN PART; REVERSED IN PART; and REMANDED WITH DIRECTIONS.
DOWNEY, J., concurs.
WARNER, J., dissents in part and concurs in part with opinion.