552 So.2d 326 (1989)
Carl Wayne SPURLOCK, Appellant,
v.
Norma Jean SPURLOCK, Appellee.
No. 89-1258.
District Court of Appeal of Florida, First District.
November 21, 1989.
Gary S. Edinger, of Hankin & Beverly, Gainesville, for appellant.
C. Gary Moody, of Moody & Salzman, Gainesville, for appellee.
WIGGINTON, Judge.
In this appeal, the appellant husband challenges the trial court's order entered pursuant to the Amended Petition for Modification of Child Support filed by the appellee wife and the husband's Counterpetition. Among other things, the order directs that child support shall continue for the parties' eldest child beyond his eighteenth birthday if he is still attending high school, in which event the support shall continue until the child graduates from high school or drops out of high school, whichever shall occur first. The order also directs the husband to pay the wife's attorney's fees.
We affirm the award of attorney's fees to the wife, finding the trial court did not abuse its discretion; however, we must reverse the order insofar as it directs that child support shall continue after the child's eighteenth birthday solely on the basis of his being in high school without a finding that the child would be dependent following his eighteenth birthday. This court has ruled that "support may not be mandated after a child's eighteenth birthday absent the finding of dependency, even if the child is still attending high school." See Soles v. Soles, 536 So.2d 367 (Fla. 1st DCA 1988); and Gelman v. Gelman, 512 So.2d 236 (Fla. 1st DCA 1987).
Under Point I in his brief, the husband argues that post-majority child support may not be awarded under Section 743.07(2), *327 Florida Statutes (Supp. 1988), unless the child is mentally or physically dependent, neither of which categories applies to his son. That subsection as amended in 1988 provides that the removal of the disability of nonage for all persons who are 18 years of age or older
... shall not prohibit any court of competent jurisdiction from requiring support for a dependent person beyond the age of 18 years when such dependency is because of a mental or physical incapacity which began prior to such person reaching majority... .
Nonetheless, section 743.07(2) as amended was not argued before the trial court even though the hearing took place on February 8, 1989. Since the trial court did not have the benefit of argument concerning this statutory section in considering the award of post-majority child support, we reverse the order and remand the cause to the trial court for further hearing and the taking of testimony. The questions of whether or not the amendment has any applicability in this case, and if so then what effect should be accorded its terms, are both questions which remain entirely open for the court's future disposition.
AFFIRMED, in part, REVERSED, in part, and REMANDED for further consideration consistent with this opinion.
SHIVERS, C.J., and WENTWORTH, J., concur.