ZEHMER, Judge.
We vacate, as contrary to law, provisions in the judgment for dissolution directing the appellant, former husband, to purchase a home for use by the former wife, appel-lee, and their two children, to be held by her as trustee for the children, and further that upon the youngest child reaching majority the home be sold and the proceeds distributed to the children.
The final judgment dissolving the marriage provided that the children shall reside with the appellee mother and required the appellant father to pay the mother child support in the amount of $1000 per month for each child. The final judgment further directed:
4. Respondent/Father shall be required to purchase a home in which the Petitioner and minor children shall reside. Petitioner/Mother may select a house of her choosing and make any renovations she wishes, but the Respondent/Father shall be required to pay no more than $150,000.00 for the house including any renovations. During the minority of the children the mother shall have the exclusive use and control of said home and Respondent/Father shall hold the Petitioner/Mother harmless for any mortgage payments thereupon. The Petitioner/Mother shall be named as Trustee of the home in behalf of the children. If the Petitioner chooses she may sell the home and any equity shall belong to the children. Said funds may be used to purchase another home, and said home shall also be in the children’s name.
(R. 97). Granting the mother’s motion for rehearing and clarification of this provision, the trial court amended the final judgment to direct that the father (former hus- • band) may either pay $150,000.00 cash for the purchase of a home, or secure financing through the implementation of a standard mortgage deed and promissory note. (R. 101-102). It further provided:
Of importance are the issues or future issues surrounding this court’s requirement that the former husband purchase a home at a cost not less than $150,-000.00 for the children; the home, as per the final judgment, will be held by the former wife in the trust and for the benefit of the children during the term of their minority. Although the final judgment referenced the possibility of a mort *562 gage incidental to the purchase of a home or renovations upon same, the judgment was silent as to procedure. The Court will not herein attempt to address every problem which might arise in the future incidental to the sale and/or financing of the children’s home because those issues are not ripe for adjudication at this time, but the Court does hereby reserve jurisdiction upon the issue of the home in order to resolve any problems which might hereafter arise.
The Court agrees that the former husband may purchase a home at a cost of $150,000.00 in cash for the children but, as stated in the final judgment, the former husband may likewise secure financing through implementation of a standard mortgage deed and promissory note. Should the husband elect to pursue the latter method of financing he may then secure a standard mortgage payable over the term of the youngest child’s minority providing the outstanding balance upon the mortgage is reasonably amortized over the term of that child’s minority. The Court, by employing the term standard mortgage and said mortgage to be reasonably amortized over the term of the youngest child’s minority, contemplates that the mortgage will have no balloon payments and shall allow the children the sole ownership of the home free and clear of any liens or encumbrances thereon at the time that the youngest child attains the age of 18 years.
The Court acknowledges that the former husband cannot be required to pay child support beyond the age of the children’s majority, but the above method of financing will allow the children to acquire a valuable asset which they may employ once the youngest child attains his majority for whatever purposes they may see fit. The former wife has stated to this Court that the home will be used to finance the children’s college educations and the Court realizing the actual cost of a college education in 1988 understands that the home may very well provide sufficient funds for a college education for the children once they attain majority.
Furthermore, should the husband elect to mortgage the home as stated above, he shall be responsible for the property taxes and homeowner’s insurance thereon; should he elect to pay cash for the home he shall not be required to pay those two items.
(R. 101, 102).
The father/husband filed a motion for rehearing, arguing that the above provisions are invalid as a matter of law. The wife moved for an order of contempt because the father had not complied with these requirements. Both motions were denied, but the order further provided:
2. The Petitioner shall execute a mortgage instrument (on the home that Respondent is to provide to his children) in her representative capacity (Trustee) and should further execute a trust document setting for [sic] the rights and obligations of the Trustee, Settlor, and Beneficiaries, both of which aré required by any lending institution in order to permit the Respondent to obtain mortgage financing on the house as allowed by this Court; provided however that the Petitioner’s execution of the mortgage document shall not have the effect of making the Petitioner individually liable upon the debt obligation, but is required only to perfect the lending institution’s security interest in the home and to meet the other requirements of the lender.
3. The trust instrument herein shall be prepared by counsel for the lending institution within ten (10) days. Said document shall be provided to Petitioner’s attorney for execution by the Petitioner with a copy filed with this Court. If the Petitioner’s attorney is dissatisfied with the trust instrument as drafted, he shall, within five (5) days thereafter, provide a substitute trust instrument to the Respondent and lender’s attorneys and if that trust instrument does not meet with the Respondent’s approval and the approval of the lender’s attorneys, then this Court should be immediately notified and it will decide which instrument is to be used, or prepare a substitute agreement.
4. Should the lending institution require a Financial Statement from the Pe *563 titioner, she will provide a current Financial Statement upon the appropriate form immediately. The Respondent shall immediately provide to the Petitioner’s attorney the appropriate form as required by the lending institution.
5. All financial arrangements and the actual closing upon the home shall occur on or before sixty (60) days from the date of this Order, unless modified by this Court. The Court notes that the Respondent does possess the financial ability to obtain the necessary financing within the stated period of time.
6. If the Respondent has not made all arrangements necessary to purchase the home and conclude the closing by the stated date, then he shall immediately begin paying to the Petitioner the sum of $1,500.00 per month for each month’s delay commencing one month after the deadline as herein set forth and on the same day of each month thereafter until the actual closing is effected. The foregoing requirement does not represent an alternative or an option on the Respondent’s part regarding the purchase of a home, but is intended to be an “interest type” penalty, and this Court thus reserves jurisdiction to issue the appropriate Order upon the filing of a Motion for Contempt by the Petitioner requesting the enforcement of this Order as well as all prior Orders entered by this Court in this cause. Provided however, in the event there is an Appeal by either party from this Order, this penalty shall be suspended pending the Appeal.
(R. 128-30.)
It is perfectly plain that the purpose of the quoted provisions, of the final judgment as amended is to provide not only a home for the children during their minority but also a valuable asset to be delivered to the children upon or after their reaching majority, primarily to cover college education costs. These provisions are clearly invalid because they do not comport with the applicable law and exceed the court’s power over matters of child support on the facts of this case.
Under the law of Florida a parent has no legal obligation to furnish a child with a college education. Grapin v. Gra pin, 450 So.2d 853 (Fla.1984); Leaird v. Leaird, 540 So.2d 243 (Fla. 4th DCA 1989); French v. French, 452 So.2d 647 (Fla. 4th DCA 1984); Lykens v. Lykens, 446 So.2d 256 (Fla. 5th DCA 1984); Klein v. Klein, 413 So.2d 1297 (Fla. 4th DCA 1982); Krogen v. Krogen, 320 So.2d 483 (Fla. 3d DCA 1975). A parent’s legal obligation is to continue support of his or her child, absent a finding of dependency, only to majority upon reaching the age of 18 years. Spurlock v. Spurlock, 552 So.2d 326 (Fla. 1st DCA 1989); Gelman v. Gelman, 512 So.2d 236 (Fla. 1st DCA 1987); Broche v. Broche, 489 So.2d 841 (Fla. 1st DCA 1986); Peeples v. Peeples, 516 So.2d 1103 (Fla. 2d DCA 1987); Goldsmith v. Goldsmith, 487 So.2d 332 (Fla. 1st DCA 1986); Wilkerson v. Wilkerson, 430 So.2d 542 (Fla. 1st DCA 1983). Thus, a former husband, absent extraordinary circumstances, cannot be required to maintain some other valuable asset, such as life and medical insurance, for the benefit of his child after the child reaches the age of majority. Angle v. Angle, 506 So.2d 16 (Fla. 2d DCA), review denied, 513 So.2d 1060 (1987).
Appellee argues that appellant offered, during testimony at the final hearing, to make provisions similar to these for the acquisition of a home for the former wife and the children; but it is readily apparent from the transcript that such statements were made in the context of an offer of settlement that was not acceptable to ap-pellee. We reject appellee’s argument that appellant had agreed to these conditions on the basis of the record before us.
The quoted provisions of the appealed judgment and orders amending it are vacated. Becausfe this ruling may affect the sufficiency of other provisions in the final judgment for child support, we remand with directions that the trial court reconsider the entire matter of child support.
REVERSED AND REMANDED.
JOANOS and THOMPSON, JJ., concur.