WENTWORTH, Judge.
Appellant seeks review of an order denying his motion for rehearing of a final judgment of dissolution of his marriage to appellee. Appellant argues that the trial court erred in ordering him to pay child support for the parties’ minor son until their son attains the age of 18 or graduates from high school, whichever occurs later. We find evidence in the record sufficient to *1115 permit the trial court’s determination of dependency and affirm the order on appeal,
Appellant petitioned for dissolution of his marriage to appellee in June 1988, and the final judgment of dissolution was entered in December 1988. A hearing on appellant’s motion for rehearing was held shortly thereafter. It is clear from the record of this proceeding that the parties’ son, a high school sophomore at' the time of the hearing, was both economically dependent upon his parents and had other problems discussed below. In Evans v. Evans, 456 So.2d 956 (Fla. 1st DCA 1984), we noted that in certain factual contexts child support could be mandated for a dependent student who is still in high school after attaining the age of majority where his dependency was predicated on a finding of total economic incapacity. However, section 743.07(2), Florida Statutes, was amended, effective October 1, 1988, to read: “This section shall not prohibit any court of competent jurisdiction from requiring support for a dependent person beyond the age of 18 years when such dependency is because of a mental or physical incapacity which began prior to such person reaching majority....” Spurlock v. Spurlock, 552 So.2d 326 (Fla. 1st DCA 1989), indicates that the effect to be accorded the terms of this amendment remained an open question. According to the testimony of the wife in the present case, the parties’ son suffered psychological infirmities because of stress surrounding his parents’ divorce, and was being treated by a mental health professional. We conclude that the evidence herein supports a conclusion that the parties’ son’s psychological condition constituted a dependency, in addition to his economic incapacity, which suffices under section 743.07(2) to require a period of continued child support under the terms of the order appealed.
Although the trial court did not explicitly state the requisite finding of dependency on the record, that omission does not in this case mandate reversal because the facts indicating dependency are clear from the testimony contained in the record. We find the record adequate to support the award of support as recited in the order, and therefore affirm.
SHIVERS, C.J., and WIGGINTON, J., concur.