565 So.2d 790 (1990)
Stanley ZAKARIN, Appellant,
v.
Elaine ZAKARIN, Appellee.
No. 89-951.
District Court of Appeal of Florida, Third District.
July 24, 1990.
Rehearing Denied September 10, 1990.
*791 Wallace, Engels, Pertnoy, Solowsky, Newman & Allen and Jerome H. Shevin and Dana Corbo, Miami, for appellant.
Weinstein, Bavly and Moon and Alvin N. Weinstein, Miami, for appellee.
Before HUBBART, FERGUSON and JORGENSON, JJ.
FERGUSON, Judge.
This appeal presents the question whether a divorced noncustodial parent, with the financial means, has a legal obligation to contribute to the college expenses of an unemancipated child over the age of eighteen who, by terms of a judgment dissolving the parents' marriage, is still owed a duty of support. We note first that the question has not been decided by the Supreme Court of Florida. We disagree with Leaird v. Leaird, 540 So.2d 243 (Fla. 4th DCA 1989), relied on by the appellant, which holds that a noncustodial divorced parent has no obligation to provide an unemancipated child with a higher education even though the child is otherwise still owed a duty of support.
Stanley and Elaine Zakarin were divorced in 1969 shortly after the birth of their only child, Lori. By the terms of the judgment dissolving the marriage Dr. Zakarin, a dentist, was ordered to pay, and has paid over the years, child support of $35 per week. Mrs. Zakarin has maintained exclusive custody and control of the daughter. She made no effort to increase Dr. Zakarin's child-support payments until 1988 when Lori was a nineteen-year-old sophomore at the University of Miami. Mrs. Zakarin then petitioned for modification of child-support payments to require the father to pay the costs of Lori's college education and other support expenses until she turned twenty-one. The trial court granted the petition and raised the father's payments from $140 to $2,000 per month for support and education, to continue until the child's twenty-first birthday.[1]
Because it was contemplated by the judgment that the child would not be fully emancipated until she turned twenty-one, and the child is not yet emancipated as a matter of fact, see Glover v. Glover, 44 Tenn. App. 712, 319 S.W.2d 238 (1958) (emancipation may result from agreement or it may occur by operation of law, and generally leaves the child, as far as the parents are concerned, free to act on his or her own responsibility and with the same independence, as though he or she had attained majority), appellant, concededly, is responsible for Lori's support until she is twenty-one. He contends, however, that the question of an award for college and related expenses is a separate issue. We disagree.
In Florida it is settled that a divorced parent, generally, has no legal obligation to provide a college education for a capable adult child. Grapin v. Grapin, 450 So.2d 853 (Fla. 1984). The case, however, does not address the question whether a duty to provide support to an adult child, imposed by a judgment  valid when entered  dissolving the parents' marriage, includes an obligation to contribute to the child's college education. Although the Florida law as stated in Grapin is clear, there is a trend in other states toward requiring a noncustodial divorced parent to contribute to a dependent adult child's college education where no undue burden is created. See generally Washburn, Post-Majority Support: Oh Dad, Poor Dad, 44 Temp.L.Q. 319, 328 (1971). The standards adopted in those cases for limiting the parents' *792 obligation to provide for a college education, in accordance with the total circumstances, are applicable here.
Courts which have rejected earlier case law  that a parent has no obligation to educate a capable adult child  note that the earlier cases were decided at a time when higher education was not an economic necessity. Calogeras v. Calogeras, 82 Ohio 438, 163 N.E.2d 713 (1959). The nowprevailing school of thought is that whether a parent should be required to provide a college education to an adult child will turn on the facts and circumstances of each case. Factors generally considered, not exclusively, are the child's age, aptitude, and desire,[2] whether the parents attended college, and the financial ability of the parents to pay.[3]See e.g., Newburgh v. Arrigo, 88 N.J. 529, 443 A.2d 1031 (1982).[4] A number of courts hold that, under unusual circumstances, a nondivorced parent, as well as a divorced parent, may be obligated to pay for an adult child's education and that the factors to be considered in making the determination are basically the same. Compare Annotation, Post-Secondary Education as Within Nondivorced Parents' Child-Support Obligation, 42 A.L.R. 4th 795 (1985) with Annotation, Responsibility of Noncustodial Divorced Parent to Pay for, or Contribute to, Costs of Child's College Education, 99 A.L.R.3d 322 (1980).[5]
Those courts which recognize an obligation of a financially able parent to educate an adult child reason that but for the divorce, the child's college expenses probably would have been paid, thus as a policy matter, the child should not be deprived of the educational opportunity simply because the parents are divorced. 42 A.L.R.4th, supra, at 823. Courts which adhere to the older rule deem it sound policy that a divorced parent not be obligated to pay for an adult child's college expenses where there would be no comparable obligation to educate if the parents had remained married. See e.g., Krogen v. Krogen, 320 So.2d 483 (Fla. 3d DCA 1975). Eventually, the state legislature may come to recognize a duty of parents to educate a child over the age of eighteen where the child is both deserving and economically dependent. In the absence of legislative initiative,[6] however, *793 a turn in that direction must come from the supreme court as a matter of choosing between intensely competitive public policies. Bacardi v. White, 463 So.2d 218 (Fla. 1985).
Returning to this case, we hold that where there is an obligation to support a child to age twenty one  imposed by a judicial decree entered prior to 1973 when the disability of nonage was lowered to eighteen  the obligation of support includes a duty to contribute to a college education where the child is deserving and scholastically capable. While we affirm the trial court's ruling that the noncustodial divorced parent may be obligated to contribute to the child's education on the facts of this case, we remand the cause for determinations as to whether the obligation should be imposed in the first instance, and if so, to what extent, considering those factors enumerated in note four.
Mrs. Zakarin further contends, in the nature of a cross-appeal, that in light of the comparative financial condition of both parties she is entitled to an award of reasonable attorney's fees. We agree. Dr. Zakarin earned over $200,000 in 1987, and enjoys a comfortable life-style while his former wife, who earns less than one-third that amount, has experienced a decline in her earnings as a court stenographer. Section 61.16, Florida Statutes (1989), authorizes a fee award in modification or enforcement proceedings where there is such disparity of resources. On the facts of this case Mrs. Zakarin is entitled to reasonable attorney fees.
Affirmed in part, reversed in part, and remanded for further consistent proceedings.
HUBBART, J., concurs.
JORGENSON, Judge, concurring in part and dissenting in part.
I agree that the wife is entitled to an increase in child support payments and to reasonable attorney's fees. However, although I agree with Judge Ferguson that a college education is an economic necessity in today's complex society, I believe that the court's decision today runs afoul of sound and settled principles of Florida law.
In Grapin v. Grapin, 450 So.2d 853 (Fla. 1984), the Florida Supreme Court held that a divorced parent cannot be ordered to provide post-majority support merely because the child was in college and the parent was able to pay. The court reasoned that
[w]hile most parents willingly assist their adult children in obtaining a higher education that is increasingly necessary in today's fast-changing world, any duty to do so is a moral rather than a legal one. Parents who remain married while their children attend college may continue supporting their children even beyond age twenty-one, but such support may be conditional or withdrawn at any time, and no one may bring an action to enforce continued payments. It would be fundamentally unfair for courts to enforce these moral obligations of support only against divorced parents while other parents may do as they choose.
450 So.2d at 854.
In direct contravention of the supreme court's holding, the court today imposes a legal obligation on a divorced parent that, for a non-divorced parent, is but a moral obligation. In my view, Grapin controls the result here. The majority attempts to distinguish Grapin by stating that the supreme court did not address the question of whether a duty to provide support to an adult child includes an obligation to contribute to the child's college education. The factual distinction, the majority urges, is that in this case the final order of divorce entered in 1969 required the father to provide support for the child until she reached the age of twenty-one. I do not read Grapin so narrowly. Although the college student *794 in Grapin was emancipated, the court's reasoning and rationale is broadly worded and focuses on the fundamental unfairness of compelling divorced parents to undertake a financial obligation not imposed on parents who are not divorced. I agree with the fourth district that "the supreme court, in Grapin v. Grapin, while dealing specifically with a post-majority child, stands for the proposition that there is no legal obligation to furnish a child with a college education." Leaird v. Leaird, 540 So.2d 243, 244 (Fla. 4th DCA 1989) (parent has no legal obligation to provide child, emancipated or not, with college education).
This court has held that "[t]here are many parents who enjoy domestic tranquility but who do not, either from personal choice or inability or otherwise, give their children a college education. The fact that domestic whirlwinds cause a severance of the marriage does not enhance the rights of the children nor alter the obligations of the parents." Krogen v. Krogen, 320 So.2d 483, 484 (Fla. 3d DCA 1975) (quoting White v. White, 296 So.2d 619 (Fla. 1st DCA 1974)). See also French v. French, 452 So.2d 647 (Fla. 4th DCA 1984).
The rights and obligations recognized in a divorce flow from the rights and obligations created by the marriage and the assumption of parenthood. Had the parents in this case remained married, neither the mother nor the father would have been obliged to pay their daughter's college tuition. The sad fact that their marriage did not last did not grant their daughter any greater rights than she would have enjoyed had the marriage lasted.[1] I would affirm the increase in child support and the award of attorney's fees but reverse those portions of the order that require the father to contribute to his daughter's college education.
NOTES
[1] Although the disability of nonage was reduced from the age of twenty-one to eighteen by a 1973 enactment of the legislature, the change has no retroactive effect on the general support aspect of the judgment of divorce in this case which was entered in 1969. See § 743.07, Fla. Stat. (1989); Hoffman v. Hoffman, 371 So.2d 1061 (Fla. 3d DCA 1979) (where divorce decree was entered before July 1, 1973, father was obligated to pay child support until daughter reached age twenty-one, even though statute was later enacted lowering age of majority to eighteen).

In other states the statutory removal of the disability of nonage is held to be only prima facie evidence of full emancipation, which may be overcome by a showing of a need for further education in order to become independent. E.g., Newburgh v. Arrigo, 88 N.J. 529, 443 A.2d 1031 (1982).
[2] Courts in Colorado, D.C., Illinois, Indiana, Iowa, Kentucky, Mississippi, Missouri, New Jersey, New York, Pennsylvania, South Carolina and Washington have obligated a parent to pay for, or contribute to, the cost of college for a child who has the ability to be successful in college. 99 A.L.R.3d 322, 355 (1980).
[3] Courts in Alabama, California, Colorado, D.C., Georgia, Illinois, Indiana, Iowa, Kansas, Louisiana, Maine, Maryland, Michigan, Minnesota, Missouri, Montana, New Hampshire, New Jersey, New York, North Carolina, Ohio, Oregon, Pennsylvania, South Carolina, Tennessee, Washington and Wisconsin have ordered parents to assist in paying or pay college expenses based on the parents' financial ability. Id. at 358-359.

Nicolay v. Nicolay, 387 So.2d 500 (Fla. 2d DCA 1980), authored by then District Court of Appeal Judge Grimes, disapproved by the supreme court in Grapin, is in accord with the growing weight of authority.
[4] In evaluating the claim for contribution toward the cost of higher education, courts should consider all relevant factors, including (1) whether the parent, if still living with the child, would have contributed toward the costs of the requested higher education; (2) the effect of the background, values and goals of the parent or the reasonableness of the expectation of the child for higher education; (3) the amount of the contribution sought by the child for the cost of higher education; (4) the ability of the parent to pay that cost; (5) the relationship of the requested contribution to the kind of school or course of study sought by the child; (6) the financial resources of both parents; (7) the commitment to and aptitude of the child for the requested education; (8) the financial resources of the child, including assets owned individually or held in custodianship or trust; (9) the ability of the child to earn income during the school year or on vacation; (10) the availability of financial aid in the form of college grants and loans; (11) the child's relationship to the paying parent, including mutual affection and shared goals as well as responsiveness to parental advice and guidance; and (12) the relationship of the education requested to any prior training and to the overall long-range goals of the child. Newburgh, 443 A.2d at 1038-39.
[5] Of course, in those states where there is no blanket prohibition against a support award for the education of a dependent adult child of undivorced parents, a divorced parent could have no constitutional unequal treatment defense to such an award.
[6] See Illinois Domestic Relations Marriage and Dissolution of Marriage Act, Part V, § 513, Ill. Stat.Ann. (West 1989), empowering court to "make ... provision for the education and maintenance of the child ... whether of minor or majority age ...", in certain circumstances.

In the first known effort of the Florida legislature to effect a change in accordance with the trend, H.B. 2021, 92d Leg., 1st Sess. (1990), containing language similar to that found in the Illinois statute, failed before reaching the House floor for discussion.
[1] The logical extension of the court's decision today is to recognize that non-divorced parents have a legal duty to provide their children with a college education. Such a proposition cannot be the law.