566 So.2d 12 (1990)
Alfred David PITTS, Appellant,
v.
Ann J. PITTS, Appellee.
No. 89-02628.
District Court of Appeal of Florida, Second District.
August 1, 1990.
Rehearing Denied August 30, 1990.
*13 Elizabeth S. Wheeler of Berg & Wheeler, P.A., Brandon, for appellant.
Simson Unterberger, Tampa, for appellee.
FRANK, Judge.
The parties to this proceeding were divorced in 1975. The former husband was ordered to pay $35 per week in child support for each of two sons until they "become of age, self-supporting or until further order of the court." The oldest child reached majority and the child support obligations were reduced. The present matter involves support for the younger child, Douglas.
In 1981 the former wife sought and obtained a voluntary increase in support for Douglas in the amount of $60 per week. The former husband lost his job in March of 1988 and at that point he reduced his payments to $35 as provided for by the final judgment. In October of 1988 the former wife filed a supplemental petition to modify the final judgment seeking increased support for Douglas continuing beyond January 5, 1989, his eighteenth birthday. The former wife alleged in her petition that Douglas suffered from attention deficit disorder with learning disabilities and mild dyslexia. The record reveals at the time of trial in June of 1989 that Douglas was eighteen and had just completed his junior year in high school.
At the hearing several experts testified that Douglas was a healthy, responsible young adult. Dr. Bala Rao testified that Douglas might need continued medication and therapy to help him deal with stressful times. He also noted that Douglas needed extra time to grasp educational material. Dr. Joan Schabaker, the Director of the Tampa Reading Clinic, testified that Douglas had been a pupil in her program for ten years and was currently attending three times a week. She also noted that it takes extra effort for dyslexics to progress in an academic setting. The former wife testified that she needed $100 a week, at least, to provide for Douglas' care. She had not received any support payments since Douglas reached majority, but she had continued to incur costs associated with the aforementioned tutorial program. Additionally, Douglas attended a private school which did not provide transportation, so the former wife provided him with an insured vehicle. The trial court granted the former wife's petition, adjudicated Douglas dependent, and awarded retroactive child support of $100 per week. The court also ordered the former husband to pay $10 per week towards the arrearage which resulted after Douglas reached majority. We affirm.
The governing statutory provision in this matter, section 743.07(2), Florida Statutes, was amended October 1, 1988 to provide:
This section shall not prohibit any court of competent jurisdiction from requiring support for a dependent person beyond the age of 18 years when such dependency is because of a mental or physical incapacity which began prior to such person reaching majority... .
The issue confronting us is whether Douglas' condition is a mental incapacity resulting in dependency thus warranting an award of support beyond the age of majority. In Spurlock v. Spurlock, 552 So.2d 326 *14 (Fla. 1st DCA 1989), the court, faced with the construction of section 743.07(2), remanded for a hearing in order further to explore the statute's application. Recently, in Penton v. Penton, 564 So.2d 1114 (Fla. 1st DCA 1990), the court determined that child support beyond the age of majority was supported by the record. In Penton, the parties' son was a sophomore in high school at the time of the divorce. The court ordered the former husband to pay support until he attained the age of 18 or graduated from high school, whichever occurred later. The first district concluded that the son suffered "psychological infirmities" due to the stress stemming from the divorce and was being treated by a mental health professional. The child's emotional condition constituted a dependency, which, when coupled with his economic incapacity, was sufficient to require support beyond the age of majority. Id. Finally, in Thomasson v. Thomasson, 562 So.2d 428 (Fla. 2d DCA 1990), this court remanded the matter and, inter alia, suggested that a finding of dependency where the child has not yet completed high school, but has attained the age of majority, may be appropriate. Id. at 429; see also Privett v. Privett, 535 So.2d 663 (Fla. 4th DCA 1988).
The trial court in the matter at hand has determined that Douglas was, at the time of the modification proceeding, dependent. The experts testified in detail that Douglas' learning disabilities required that he devote most of his time to his studies. He was unable to support himself and simultaneously complete high school. The record does not, however, indicate that upon completion of high school Douglas will still be dependent. Rather, Douglas appears to be capable of maintaining employment in a variety of settings. We affirm the award of support until Douglas completes high school. Penton. At that time Douglas will be able to devote his energies to work and will no longer be dependent.
Accordingly, the final judgment should be amended to reflect that the support is to end upon Douglas' graduation from high school. In all other respects this matter is affirmed.
SCHEB, A.C.J., and HALL, J., concur.