PER CURIAM.
Marcia Kuczwanski (wife) appeals both the trial court’s denial of her supplemental petition to modify the final judgment of dissolution of marriage and her request for reasonable attorney’s fees and costs. We affirm the trial court, except for its denial of fees and costs.
The trial court did not abuse its discretion in determining that the enhanced *624 finances of John Kuczwanski (husband) were insufficient to require augmented alimony for the wife. The wife failed to show that her needs had not been met when the marital settlement agreement was entered into or that her needs have since increased. See Bedell v. Bedell, 583 So.2d 1005, 1007 (Fla.1991).
We disagree, however, with the trial court’s denial of reasonable attorney’s fees and costs to the wife. One of the main principles on which fees are permitted in domestic cases is to equalize the otherwise disparate financial abilities of the parties to secure competent legal counsel. Canakaris v. Canakaris, 382 So.2d 1197, 1205 (Fla.1980). In light of the disparity in the parties’ annual incomes (approximately $330,000.00 for the husband and approximately $48,000.00 for the wife), the trial court abused its discretion in failing to award the wife her reasonable attorney’s fees and costs. § 61.16, Fla.Stat. (1991); Zakarin v. Zakarin, 565 So.2d 790, 793 (Fla. 3d DCA 1990); Johns v. Johns, 423 So.2d 443, 444 (Fla. 4th DCA 1982).
Accordingly, we affirm the trial court’s denial of increased alimony, but reverse the trial court’s denial of fees and costs. On remand, the trial court shall determine and award the wife her reasonable attorney’s fees and costs.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
GUNTHER, J., and ALDERMAN, JAMES E., Senior Justice, concur.
ANSTEAD, J., dissenting with opinion.