PER CURIAM.
This is an appeal by the husband Rene Contreras from a final order granting a motion to change custody of the parties’ three minor children in post-judgment modification proceedings following a final judgment of marriage dissolution. Athough the order appealed from changes the custody of the children from the wife Martha Contreras to the husband, the order further requires the husband to continue to pay $2,500 a month per child as child support into a trust account to be used by the court-appointed guardian of the minor children for the support of the parties’ three minor children — and to distribute one-third of the monies remaining in the trust account to each of three children when they reach the age of majority. We reverse in part.
The three minor children have been abducted by the wife in violation of court orders and taken to Honduras where they are now living with the wife; the wife refuses all visitation with the children by the husband, in violation of court orders. There has been utterly no contact between the court-appointed guardian of the children, who is to manage the child support trust fund, and the three minor children in Honduras. Moreover, the trial court has found that the wife has physically abused the children; based on this finding and the flagrant disregard of court orders regarding child visitation, the court transferred custody of the three minor children to the husband.
Because of (1) the court’s change of custody of the three minor children to the husband, and (2) the wife’s abduction of the three minor children to Honduras where she refuses to allow the husband to assume custody of the children in violation of court orders, we conclude it was error to require the husband to continue his child support payments of $2,500 a month per child, as required by the final judgment of marriage dissolution. Athough the court was well-motivated in attempting to provide some support for the children, the husband has no legal obligation to continue the child support payments under these circumstances. Curley v. Curley, 327 So.2d 834, 835 (Fla. 3d DCA 1976); Warrick v. Hender, 198 So.2d 348, 351 (Fla. 4th DCA 1967); Denton v. Denton, 147 So.2d 545, 548 (Fla. 2d DCA 1962). Moreover, the provision of the order appealed from creating a post-majority asset for the children in a trust fund is not a child *565 support provision and is unauthorized. Reeves v. Reeves, 554 So.2d 560 (Fla. 1st DCA 1989), rev. denied, 564 So.2d 1086 (Fla. 1990).
The final order under review is therefore reversed to the extent that it requires the husband to continue to make child support payments to a trust account managed by the coui’t-appointed guardian. In all other respects, however, the final order under review is affirmed.
Affirmed in part; reversed in part.