PER CURIAM.
Appellant asserts there is no support in the record for the trial judge to have refused to terminate his duty to provide child support for his over-age children. He also says the judge erred by failing to make specific findings regarding the needs of these children. As to his latter argument, appellant is correct. Where a trial court has made no finding that a child over the age of eighteen is dependent, a continuation of child support payments is improper. The eviden-tiary findings should be specifically set out in the order. Gelman v. Gelman, 512 So.2d 236 (Fla. 1st DCA 1987). See also Spurlock v. Spurlock, 552 So.2d 326 (Fla. 1st DCA 1989); Soles v. Soles, 536 So.2d 367 (Fla. 1st DCA 1988); Dwyer v. Dwyer, 327 So.2d 74 (Fla. 1st DCA 1976). Accordingly, the order is reversed and the cause remanded for the trial court to make specific findings of fact which will support the requirement. As to whether the court’s order is supported by the record; we must lay that problem back on *787 appellant. He provided this court with no transcript.
REVERSED and REMANDED.
DAUKSCH, W. SHARP and PETERSON, JJ., concur.