PER CURIAM.
The appellee is jailed for civil contempt because she took their children from Florida in violation of various orders in the matrimonial proceedings between her and *507 the appellant. Contreras v. Contreras, 689 So.2d 330 (Fla. 3d DCA 1997); Contreras v. Contreras, 645 So.2d 564 (Fla. 3d DCA 1994); Contreras v. Contreras, 624 So.2d 270 (Fla. 3d DCA 1993). The purge provision is that she produce the children. In this appeal, the father seeks reversal of a final order granting her habeas corpus relief on the ground that a decree of the government of Honduras, where the children now live, forbids her compliance with that condition. We agree that the appellee must be released both under the act of state doctrine, O.N.E. Shipping, Ltd. v. Flota Mercante Grancolombiana, S.A., 830 F.2d 449 (2d Cir.1987), cert. denied, 488 U.S. 923, 109 S.Ct. 303, 102 L.Ed.2d 322 (1988), as the trial court held, and because the absence of the husband from Florida renders the surrender of the children here an entirely purposeless act. See 11 Fla. Jur.2d Contempt § 52 (1997).
Accordingly, the judgment in habeas corpus is affirmed. The stay of that order pending appeal is vacated and the appellee is ordered released from confinement forthwith, without regard to the filing or disposition of any motion for rehearing.
Affirmed, stay vacated.