# Third District Court of Appeal

## State of Florida

Opinion filed September 13, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1175
Lower Tribunal No. 23-14668
_____

**Send Enterprises, LLC, et al.,**
Appellants,

vs.

**Set Drive, LLC, et al.,**
Appellees.

An Appeal from non-final orders from the Circuit Court for Miami-Dade County, Jennifer D. Bailey, Judge.

Douglas Cox, and Nicole Pearl, in proper persons.

León Cosgrove Jiménez, LLP, Marcos Daniel Jiménez and Derek E. León, Corey D. Berman and Sofia Manzo; Bauch & Michaels, LLC, and Paul M. Bauch (Chicago, IL), for appellees.

Before EMAS, FERNANDEZ and GORDO, JJ.

GORDO, J.

**ON MOTION TO DISMISS**

Set Drive, LLC and Phillip Sylvester (collectively, "Set Drive") move to dismiss Drive Development, LLC's ("Development")[1] appeal of a non-final order appointing a receiver and an order denying a motion for rehearing pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(D).  For the reasons detailed below, we grant the motion and dismiss this appeal as untimely.

**FACTUAL AND PROCEDURAL BACKGROUND**

On May 15, 2023, the trial court entered an order granting Set Drive's motion for appointment of a receiver.  Two days later, Development filed an emergency motion for rehearing raising substantive arguments and asserting the trial court failed to make sufficient findings of fact.  Following a hearing, the trial court denied the emergency motion for rehearing on May 30, 2023.  Development filed a notice of appeal on June 30, 2023.

Set Drive subsequently filed the instant motion to dismiss, arguing the appeal was untimely as it was not filed within thirty days of the May 15, 2023, order appointing a receiver.  Specifically, it asserts this Court lacks

---

[1] This includes Drive Realty, LLC, Douglas Cox and Nicole Pearl.  While this appeal originally included Send Enterprises, LLC and Drive Development Group, LLC, these parties filed a notice of voluntary dismissal in the pendency of this appeal.

2

jurisdiction as Development's emergency motion for rehearing did not toll rendition of the order appointing a receiver. Development filed a response in opposition contending that under the newly amended Florida Rule of Civil Procedure 1.530, its emergency motion for rehearing tolled rendition of the order appointing the receiver.[2]

## LEGAL ANALYSIS

We have for review a somewhat novel issue based on newly amended Rule 1.530: Does the new amendment of Rule 1.530 authorize a motion for rehearing of non-final orders, such that it tolls rendition of the order on appeal during the rehearing period?

The Florida Supreme Court has recently amended Rule 1.530 to read:

> **(a) Jury and Non-Jury Actions.** A new trial may be granted to all or any of the parties and on all or a part of the issues. **To preserve for appeal a challenge to the failure of the trial court to make required findings of fact, a party must raise that issue in a motion for rehearing under this rule.** On a motion for a rehearing of matters heard without a jury, including summary judgments, the court may open the judgment if one has been entered, take additional testimony, and enter a new judgment.

Fla. R. Civ. P. 1.530(a) (emphasis added).

---

[2] Because the relevant amendment to Rule 1.530(a) became effective on April 27, 2023, the amended Rule is applicable here. See In re Amends. to Fla. Rule of Civ. Proc. 1.530 & Fla. Fam. L. Rule of Proc. 12.530, 48 Fla. L. Weekly S69 (Fla. Apr. 27, 2023).

3

The Florida Supreme Court stated this amendment was "necessary to clarify that filing a motion for rehearing is required to preserve an objection to insufficient trial court findings in a final judgment order." In re Amends. to Fla. Rule of Civ. Proc. 1.530 & Fla. Fam. L. Rule of Proc. 12.530, 346 So. 3d 1161, 1162 (Fla. 2022). The Florida Supreme Court later expanded that finding and made the amended Rule "applicable to all orders, not just final judgments." In re Amends. to Fla. Rule of Civ. Proc. 1.530 & Fla. Fam. L. Rule of Proc. 12.530, 48 Fla. L. Weekly S69 (Fla. Apr. 27, 2023).

Development argues that by utilizing this language, the Florida Supreme Court intended to authorize motions for rehearing to toll rendition of non-final orders. We are not so persuaded.

We begin by recognizing that under Florida law there are certain motions that, when filed in the trial court, toll rendition of an order. Pursuant to Florida Rule of Appellate Procedure 9.020(h)(1):

> (1) Motions Tolling Rendition. The following motions, **if authorized and timely filed**, toll rendition **unless another applicable rule of procedure specifically provides to the contrary**:
> . . .
> (B) motion for rehearing;

Fla. R. App. P. 9.020(h) (emphasis added). Here, it is uncontested that Development filed a timely emergency motion for rehearing which was ruled on by the trial court on May 30, 2023. The question then becomes whether

4

the motion for rehearing was authorized thus tolling rendition of the order on appeal, or another applicable rule of procedure specifically provides to the contrary.

An order granting the appointment of a receiver is one of the enumerated appealable non-final orders reviewable pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(D). Pursuant to Rule 9.130(a)(5), "[m]otions for rehearing directed to **these orders are not authorized** under these rules and therefore **will not toll** the time for filing a notice of appeal." Fla. R. App. P. 9.130(a)(5) (emphasis added).

It is therefore well-established Florida law that motions for rehearing of non-final orders are unauthorized and cannot toll rendition of an order pursuant to Rule 9.020(h)(1)(B). See LaCarrere v. Reilly, 987 So. 2d 816, 816 (Fla. 3d DCA 2008) ("Unlike authorized and timely motions directed to a final order, however, motions for reconsideration or rehearing of non-final orders are unauthorized and, therefore, do not toll the thirty-day time limit for filing the notice of appeal."); Avael Law Firm, PLLC v. Sechrist, 347 So. 3d 424, 427 n.5 (Fla. 3d DCA 2022) ("'[A] motion for rehearing directed to a non-final order . . . is not authorized under the rules and does not toll the time for filing the notice of appeal' from an appealable, non-final order." (quoting Deal v. Deal, 783 So. 2d 319, 321 (Fla. 5th DCA 2001))); Doukas v. Doukas, 335

5

So. 3d 218, 219 (Fla. 1st DCA 2022) ("A motion for rehearing is not authorized as to a non-final order, so it does not toll the time for appeal."); Lovelace v. Lovelace, 124 So. 3d 447, 447 (Fla. 1st DCA 2013) ("The law in Florida is well settled that a motion for rehearing or reconsideration does not toll the time for filing an appeal from a non-final order reviewable pursuant to the provisions of Florida Rule of Appellate Procedure 9.130.").

Development encourages us to interpret the language in Rule 1.530 which states "[t]o preserve for appeal a challenge to the failure of the trial court to make required findings of fact, a party must raise that issue in a motion for rehearing under this rule," as an implicit authorization of these motions for rehearing for purposes of tolling rendition under 9.020(h)(1)(B). See Fla. R. Civ. P. 1.530(a). We decline such an interpretation without an express directive in the text of the new Rule because another specific applicable rule of appellate procedure provides to the contrary—Rule 9.130(a)(5). Such a reading would be an improper expansion of the time limits to exercise our jurisdiction.

If the Florida Supreme Court had intended to create an exception to the well-established law cited above and authorize motions for rehearing pursuant to Rule 1.530 to toll rendition of non-final orders, it surely had

6

enough ink to do so. The glaring absence of any such express language in the text of the newly amended Rule or its amending language speaks loudly.

We therefore write to provide clarity and guidance to practitioners and litigants in emphasizing that if a litigant wishes to challenge a non-final order pursuant to Rule 1.530, they must file their appeal within the time limits prescribed by Florida Rule of Appellate Procedure 9.130(b).[3] See Fla. R. App. P. 9.130(b) ("Jurisdiction of the court under subdivisions (a)(3)-(a)(5) of this rule shall be invoked by filing a notice, accompanied by any filing fees prescribed by law, with the clerk of the lower tribunal within 30 days of rendition of the order to be reviewed.").

Motion to dismiss granted; appeal dismissed.

---

[3] We recognize that the trial court may not modify a non-final order on appeal without leave of the appellate court. See Exclusive Motoring Worldwide, Inc. v. Soral Invs., Inc., 349 So. 3d 490, 491 (Fla. 3d DCA 2022); Heritage Prop. & Cas. Ins. Co. v. Williams, 338 So. 3d 1119, 1121–22 (Fla. 1st DCA 2022); Soles v. Soles, 536 So. 2d 367, 368 (Fla. 1st DCA 1988). We therefore conclude a litigant must still timely file their notice of appeal but, if necessary, may ask this Court to relinquish jurisdiction for the trial court to consider any timely motion for rehearing.