468 So.2d 517 (1985)
Thomas BLACKBURN, Appellant,
v.
STATE of Florida, Appellee.
No. AZ-473.
District Court of Appeal of Florida, First District.
May 13, 1985.
Michael E. Allen, Public Defender, Glenna Joyce Reeves, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., Andrea Smith Hillyer, Asst. Atty. Gen., for appellee.
MILLS, Judge.
Blackburn appeals the revocation of his probation for failure to make child support payments, on the ground that no evidence demonstrated his ability to pay. We do not reach this issue because review of the record demonstrates that the trial court was without jurisdiction to revoke Blackburn's probation. We reverse and order Blackburn discharged.
On 1 June 1979, Blackburn was placed on probation for two years following his violation of Section 856.04, Florida Statutes *518 (1979), a third-degree felony with a maximum penalty of five-years imprisonment. Section 775.082(3)(d), Florida Statutes (1979). As the result of an affidavit of violation of probation filed 8 May 1981, Blackburn's probation was extended until 1 June 1983. Following yet another affidavit of violation, on 28 March 1983 the probation was extended three years from 1 June 1983, or until 1 June 1986.
On 7 June 1984, five years and six days after Blackburn was originally placed on probation, an affidavit of violation was again filed. As a result, his probation was revoked and he was sentenced to six months in the county jail.
Until 1974, Section 948.04, Florida Statutes (period of probation) provided that a term of probation could not extend more than two years beyond the maximum permissible sentence. This proviso was revoked effective 1 July 1974 and it has since been held that "a court is ... powerless to extend a period of probation beyond the maximum permissible sentence except as expressly provided in that statute," Watts v. State, 328 So.2d 223 (Fla. 2d DCA 1976). (Pursuant to the statute at the time of the original order of probation, a court could impose probation for up to six months for misdemeanors and two years for felonies, even if these periods exceeded the statutory maximum. Watts.)
The maximum permissible sentence for Blackburn's offense was five years. Therefore, the court was powerless to extend his probation beyond 1 June 1984, and the probationary period expired on that date. As was stated in Gardner v. State, 412 So.2d 10 (Fla. 2d DCA 1981):
Upon expiration of the probationary period, the court is divested of all jurisdiction over the probationer, unless prior to that time the processes of the court have been set in motion for revocation or modification of probation.
Here, the "processes of the court" were not set in motion until the affidavit of violation was filed on 7 June 1984, six days after expiration of the probationary period. Therefore, the court was without jurisdiction to revoke Blackburn's probation, and the revocation and resulting sentence are void.
Reversed, with directions to discharge Blackburn.
NIMMONS, J., and PEARSON, TILLMAN (Ret.), Associate Judge, concur.