540 So.2d 900 (1989)
Fernando QUINCUTTI, Appellant,
v.
The STATE of Florida, Appellee.
No. 88-1858.
District Court of Appeal of Florida, Third District.
March 28, 1989.
Bennett H. Brummer, Public Defender and Robert Burke, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen. and Ivy R. Ginsberg, Asst. Atty. Gen., for appellee.
*901 Before SCHWARTZ, C.J., and HUBBART and COPE, JJ.
PER CURIAM.
In 1983, the appellant was convicted of a third degree felony and sentenced to five years probation, subject to a condition of sixty days in jail. After serving four and one-half years, he violated the probation. Upon revocation, the trial judge sentenced him to one year of community control. The defendant's sole point on this appeal is that the community control term should not have exceeded six months since, it is argued, it is impermissible to subject the defendant to the process of the court beyond the five year statutory limitation. We disagree because it is now established that, upon a violation of probation, the trial court may "impose any sentence it originally might have imposed, with credit for time served and subject to the guidelines recommendation." Poore v. State, 531 So.2d 161, 164 (Fla. 1988); § 948.06(1), (2), Fla. Stat. (1987). Since it is agreed that the one year community control term was within the original recommended guidelines, no error was committed below.
Affirmed.