ORFINGER, Judge.
Ramey was placed on two concurrent 5 year terms of probation for separate third degree felony offenses. After 13 months and one day, his probation was revoked and he was sentenced on the original offenses to concurrent split sentences of 5 years’ imprisonment, with the remainder after 3½ years to be served on probation. He contends that the sentences imposed, when added to the time he had served on probation before revocation, exceed the maximum 5 year penalty for third degree felonies. We disagree. Section 948.06(1), Florida Statutes (1987) authorizes the court, upon revocation of probation, to “impose any sentence which it might have originally imposed before placing the ... offender on probation ...” See also Quincutti v. State, 540 So.2d 900 (Fla. 3d DCA 1989). Defendant does not contend that the sentence imposed exceeds the recommended guidelines sentence. Defendant is entitled, however, to credit in both cases for time served because both sentences are concurrent, Daniels v. State, 491 So.2d 543 (Fla. 1986), and upon remand, the trial court shall amend the sentence in Case No. 86-6020 to reflect such credit.
AFFIRMED and REMANDED for correction of sentence.
DANIEL, C.J., and DAUKSCH, J., concur.