550 So.2d 154 (1989)
STATE of Florida, Appellant,
v.
Ronald ARNOLD, Appellee.
No. 88-2469.
District Court of Appeal of Florida, Fifth District.
October 19, 1989.
Robert A. Butterworth, Atty. Gen., Tallahassee and Bonnie Jean Parrish, Asst. Atty. Gen., Daytona Beach, for appellant.
Charles W. Willits, Orlando, for appellee.
*155 EATON, O.H., Jr., Associate Judge.
The State appeals a sentence imposed after Arnold pled nolo contendere to two counts of lewd assault upon a child.
The plea hearing was not an example of model procedure. It began with an off the record side bar conference which was requested by the State. Then the defendant was placed under oath and he executed a written plea form which contained the following provision:
No one has promised me anything to get me to enter the pleas, except state [sic] herein. The Judge has made no promises as to what I will receive as a sentence. The prosecution has recommended: Remain on bond pending P.S.I.
The court received the written plea form and asked the defendant if he had been forced to enter the plea, if he had discussed the case with his lawyer and if counsel's services were satisfactory. The defendant answered these questions to the court's satisfaction.
The court then asked defense counsel "Would you stipulate to a factual basis to substantiate the plea?" and defense counsel agreed. The State was not asked to accept the stipulation and the prosecutor made no effort to establish the facts of the case. The plea was accepted and a presentence investigation was ordered.
At sentencing, counsel for the defendant urged the trial court to place the defendant on community control II (electronic monitoring) and reminded the court that at the time of the plea there was a promise not to incarcerate the defendant. The State urged imprisonment and amendment of the scoresheet to reflect forty points for "contact but no penetration," twenty points for each count. The court did not add the points and imposed the following sentence:
I'm going to put you on Community Control II for a total period of two years on each count, to run consecutively ... that's four years ... on each count of house lock up, to be followed by a period of thirteen years probation on each count, to run concurrent.
So you're going to be under the control of the court for 17 years, Mr. Arnold.
The judgment and sentence was entered on December 12, 1988. That was the last month of the trial judge's term of office. Defense counsel learned that the State had taken an appeal from the judgment and sentence so he filed a "motion for clarification of sentence" which was heard on January 20, 1989, by a successor judge. At that time defense counsel took the position that the sentence imposed was a proper sentence but that the original judge "should have put some reasons in the file." The successor judge placed the following notation on the scoresheet:
The court does not feel that a sentence to Community Control II is a downward departure since it is a D.O.C. program designed for persons with recommended sentences of thirty months or more.
The State only suggests two issues on appeal  failure of the trial court to enter written reasons for departing from the guidelines and failure to score victim contact points on the scoresheet.
The guidelines sentence was 2 1/2 to 3 1/2 years without scoring victim contact points. Apparently, the trial judge was under the erroneous impression that requiring electronic monitoring as a condition of community control made the sentence imposed equivalent to a guidelines sentence.[1] However, there is no authority under Rule 3.701 for a trial judge to substitute electronic monitoring for a prison sentence when the guidelines sentence does not provide for community control as an alternative to incarceration. Since community control was not an option in this case, the sentence imposed was a downward departure. It was error to depart downwards without providing a written reason. State v. Devine, 547 So.2d 1304 (Fla. 3d DCA 1989); State v. Vickery, 536 So.2d 380 (Fla. 3d DCA 1989); State v. McDavid, 532 So.2d 1125 *156 (Fla. 3d DCA 1988); State v. Jones, 525 So.2d 512 (Fla. 4th DCA 1988). Furthermore, the notation written on the scoresheet by the successor judge does not cure the error. At best, the notation is an attempt to justify the sentence as being proper and not a reason for departure. However, the successor judge lacked jurisdiction to enter the notation because jurisdiction had vested in this Court due to the appeal which had already been taken by the State. See Chapman v. Universal Underwriters Ins. Co., 549 So.2d 679 (Fla. 1st DCA 1989); Yurgel v. Yurgel, 546 So.2d 746 (Fla. 4th DCA 1989).
The failure to provide written reasons for departure does not end the problems with the sentence imposed. The sentence is an illegal sentence because it imposes a split sentence within a split sentence. The sentence would have been legal if a term of community control had been imposed on one count followed by a split sentence of community control and probation on the other count. Consecutive sentences of community control are authorized for multiple offenses. However, consecutive sentences must follow each other without interruption. Sanchez v. State, 538 So.2d 923 (Fla. 5th DCA 1989); Calhoun v. State, 522 So.2d 509 (Fla. 1st DCA 1988); Mick v. State, 506 So.2d 1121 (Fla. 1st DCA 1987).
The State's contention that additional points should be scored for victim contact may also have merit. The offenses to which the defendant pled may be committed in alternative ways, some of which require victim contact and some of which do not. Unlike cases such as Worling v. State, 484 So.2d 94 (Fla. 5th DCA 1986) and Moore v. State, 469 So.2d 947 (Fla. 5th DCA 1985), the information filed against defendant does not specifically allege which of the alternative acts were committed. Upon remand, the State should be given the opportunity to produce evidence to prove victim contact. Blanton v. State, 546 So.2d 1181 (Fla. 5th DCA 1989); Vandeneynden v. State, 478 So.2d 429 (Fla. 5th DCA 1985).
At resentencing, the trial court is instructed to reconsider the scoresheet and impose a guidelines sentence unless a guidelines departure is supported by written reasons. Pope v. State, 542 So.2d 423 (Fla. 5th DCA 1989).[2] However, since there appears to be some confusion as to the terms and conditions of the plea, defendant should be given an opportunity to be heard if he moves to withdraw the plea.
REVERSED and REMANDED with directions.
DANIEL, C.J., and GOSHORN, J., concur.
NOTES
[1] The suggestion in the record concerning the legality of this type of sentence refers to a Department of Corrections program that was designed to reduce the prison population. The program had no application to original sentencing proceedings. The prisoners who were considered for that program had already been sentenced to the Department of Corrections.
[2] Defendant's contention that he should be given credit for time served on community control is without merit. Braxton v. State, 524 So.2d 1141 (Fla. 2d DCA 1988); Mathews v. State, 529 So.2d 361 (Fla. 2d DCA 1988); Butler v. State, 530 So.2d 324 (Fla. 5th DCA 1988), reversed on other grounds, 547 So.2d 925 (Fla. 1989). See also Interest of B.A., 546 So.2d 125 (Fla. 1st DCA 1989).