558 So.2d 119 (1990)
Randy David RICKETSON, Appellant,
v.
STATE of Florida, Appellee.
No. 89-178.
District Court of Appeal of Florida, Fifth District.
March 8, 1990.
James B. Gibson, Public Defender, and Glen P. Gifford, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Pamela D. Cichon, Asst. Atty. Gen., Daytona Beach, for appellee.
W. SHARP, Judge.
Ricketson appeals from his sentences of two consecutive five-year terms of incarceration, imposed in two criminal cases. In case number 81-1347, Ricketson violated the terms of his probation and community control five times; in case number 87-2040, he violated them twice. He argues that the trial court lost jurisdiction over case number 81-1347 because he has been on probation in excess of five years, and five years is the maximum statutory punishment for burglary of an unoccupied structure,[1] the offenses involved in that case. We disagree because probation violation affidavits were sworn to and filed in each instance before Ricketson successfully completed any probationary period.[2]
However, we agree with Ricketson that the trial judge erred in imposing sentences *120 which departed beyond the one cell bump-up. For both cases the bump-up bracket would have been a term of twelve to thirty months. The reasons given for departing were:
In case no. 81-1347-CF-A-Y Defendant violated his probation on five separate occasions. During this time he was sentenced to probation in case no. 82-1267 for sale of marijuana and case no. 87-2040 for grand theft. His current violation is a new grand theft in case no. 88-2130. The Defendant is not suitable for probation. The nature and persistence of his continued violations of supervision require the maximum sentence. It should be noted that he owes significant amounts of restitution that were not paid, although that was not a factor in exceeding the guidelines.
It seems obvious that Ricketson is completely unamenable to rehabilitation through probation or community control, as demonstrated by his numerous and frequent violations. However, Ricketson had the good fortune to have committed substantive violations of probation and community control before his terms were successfully served. Thus, trial courts cannot use any factor relating to violation of probation or community control in imposing a departure sentence. Ree v. State, 14 F.L.W. 565 (Fla. November 16, 1989); Lambert v. State, 545 So.2d 838 (Fla. 1989); Maddox v. State, 553 So.2d 1380 (Fla. 5th DCA 1989).
This case could well serve to illustrate the need for the legislature to change the guideline rules on departure sentences based on violations of probation. Until then we are bound by stare decisis. Accordingly, we quash the sentences and remand for resentencing within the one cell bump-up bracket.
QUASH SENTENCES; REMAND.
DANIEL, C.J., and COBB, J., concur.
NOTES
[1] §§ 810.02(3) and 775.082(3)(d), Fla. Stat. (1981).
[2] Compare Blackburn v. State, 468 So.2d 517 (Fla. 1st DCA 1985). See State v. Smith, 425 So.2d 655 (Fla. 5th DCA 1983); White v. State, 410 So.2d 588 (Fla. 2d DCA 1982); Clark v. State, 402 So.2d 43 (Fla. 4th DCA 1981).