574 So.2d 294 (1991)
Vera KOLOVRAT, Appellant,
v.
STATE of Florida, Appellee.
No. 90-446.
District Court of Appeal of Florida, Fifth District.
February 14, 1991.
*295 James B. Gibson, Public Defender, and Michael S. Becker, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and David G. Mersch, Asst. Atty. Gen., Daytona Beach, for appellee.
DIAMANTIS, Judge.
Defendant, Vera Kolovrat, appeals an order of probation. We reverse because the lower court erred in finding that defendant willfully violated her probation and then extending defendant's probation for more than five years.
After defendant pled no contest to the offense of grand theft in Flagler County, she was, on January 8, 1987, adjudicated guilty and placed on probation for a period of five years. As conditions of her probation, defendant was ordered to pay $14,600 in restitution to Security First Federal Savings and Loan Association and $676.50 as restitution to Flagler County Sheriff's Office. She then moved to Kansas and her *296 probation supervision was assumed by that state. In Kansas, defendant received welfare benefits to support herself and her minor child and later enrolled in a vocational program where she earned very little money.
When defendant had served more than two years of her probation in Kansas, her Flagler County probation officer directly contacted her in Kansas regarding her failure to pay any restitution and instructed her to pay $20 a month to the Flagler Circuit Court Clerk's Office and restitution of some $424 a month. Upon receiving these instructions, defendant contacted her Kansas probation supervisor who, in turn, notified the Flagler County probation officer of defendant's inability to pay these amounts. The Flagler County probation officer thereafter sought financial information directly from defendant but she failed to respond. The Flagler County probation officer then contacted the defendant and instructed her to obtain full employment and to notify the office when she complied with this instruction. Defendant again failed to respond.
Defendant returned to Florida in October of 1989 and temporarily resided in Lake City, Florida. On November 9, 1989, the Flagler County probation officer prepared an affidavit of probation violation alleging that defendant had failed to pay restitution as directed and failed to comply with instructions to forward payroll receipts to the Flagler County Probation Office. An arrest warrant then issued.
On November 22, 1989, when she and her husband visited her Flagler County probation officer, defendant was instructed to report to the county jail. Confused by this instruction, defendant went that day to the courthouse where she was met by a deputy sheriff who arrested her. On the same day, the probation officer prepared an amended affidavit of violation of probation, adding that defendant failed to comply with instructions to surrender herself to the county jail.
On February 7, 1990, the trial court found that defendant failed to comply with her Flagler County probation officer's instructions and that she also failed to make the court ordered restitution of $14,600 and $676.50. The court revoked her probation and then reimposed probation for three years from the date of revocation. This appeal followed.
Under the Interstate Parole and Probation Compact, Kansas, as the receiving state, assumed the duties of visitation and supervision over defendant. See § 949.07(2), Fla. Stat. (1989). Florida Administrative Code Rule 23-4.001 provides an effective, businesslike method for permitting persons under supervision to leave one state and take up residence in another state with assurance that they will be supervised in the receiving state and can be returned to the sending state in case of sufficient violation. One of the functions of the receiving state is to properly report all violators to the original sending state, with appropriate recommendations. Fla. Admin. Code Rule 23-4.003(5).
The evidence in this case relating to restitution does not support a finding of a willful violation of probation but instead a conflict between the probation offices in the receiving and sending states. The Flagler County probation officer apparently felt that the Kansas probation supervisor was not enforcing compliance with the conditions of probation relating to restitution. However, it was the probation supervisor in Kansas rather than the Flagler County probation officer who had authority to directly supervise and instruct defendant while defendant resided in that state. The Kansas probation supervisor never reported defendant to be in violation of probation.
It was undisputed at the violation hearing that defendant did not have the ability to pay restitution in the amount ordered by the Flagler County probation officer. Since defendant lacked the ability to pay $444 a month, she could not have violated her probation by failing to comply with this instruction. Henderson v. State, 461 So.2d 1008 (Fla. 5th DCA 1984).
The evidence in this case shows that defendant did not immediately report to jail as instructed by the probation officer. *297 Defendant became confused by the instruction to report to jail. She had satisfied the requirements of her probation supervisor in Kansas, had reported to the Flagler County probation office upon returning to that county, and was immediately told to go to jail. The defendant neither attempted to flee nor avoid arrest, but instead went that day to the courthouse in an effort to straighten out the matter with the judge who had placed her on probation. She was met at the judge's office by a deputy sheriff who escorted her to jail. Under these circumstances, it was not established by the greater weight of the evidence that defendant willfully violated this particular instruction of the probation officer. A violation which triggers a revocation of probation must be both willful and substantial, and the willful and substantial nature of the violation must be supported by the greater weight of the evidence. Young v. State, 566 So.2d 69 (Fla. 2d DCA 1990).
In addition, the maximum probation that can be legally imposed for a third degree felony is five years. By reimposing probation for three years following the revocation, the court improperly placed defendant on probation for a total of over six years. Blackburn v. State, 468 So.2d 517 (Fla. 1st DCA 1985); Watts v. State, 328 So.2d 223 (Fla. 2d DCA 1976). The trial court, in reimposing probation on February 7, 1990 for three years, indicated that defendant had not been under "a constructive period of supervision" since the preceding March, which was the month defendant received one of the letters from the Flagler County probation officer. However, probation is not normally suspended or tolled retroactively unless the probationer absconds from supervision. Cf. Watson v. State, 497 So.2d 1294 (Fla. 1st DCA 1986); Ware v. State, 474 So.2d 332 (Fla. 1st DCA 1985), rev. denied, 484 So.2d 10 (Fla. 1986).
Defendant is not objecting to that portion of the order reinstating probation which sets the two monthly payments at a minimum of $25 each.
With the exception of setting the two minimum monthly restitution payments at $25, the order of the trial court that the defendant willfully violated her probation and extending it beyond five years is reversed with instructions that the original order of probation be reinstated.
REVERSED and REMANDED with directions.
COBB and PETERSON, JJ., concur.