605 So.2d 155 (1992)
Stanley OGDEN, Appellant,
v.
STATE of Florida, Appellee.
No. 92-19.
District Court of Appeal of Florida, Fifth District.
September 11, 1992.
*156 James B. Gibson, Public Defender, and Noel A. Pelella, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and David G. Mersch, Asst. Atty. Gen., Daytona Beach, for appellee.
DIAMANTIS, Judge.
Appellant Stanley Ogden appeals an order placing him on community control for two years followed by three years probation. We affirm appellant's conviction but vacate his sentence because the lower court erred in sentencing appellant to two years community control followed by three years probation after revoking a prior sentence of two years community control, part of which sentence appellant had already served.
Appellant was charged on October 24, 1986 with unlawful possession of a controlled substance (cocaine), a third degree felony.[1] He entered the pretrial intervention program on August 25, 1987. Appellant violated the pretrial intervention conditions and on June 3, 1988 an order was entered withholding adjudication and placing appellant on probation for five years with a condition he serve 60 days in the county jail. Appellant subsequently violated probation and an order was entered on May 16, 1991, nunc pro tunc April 24, 1991, revoking probation and appellant was sentenced to twenty-four months community control. Appellant then violated community control, which was revoked on December 30, 1991, nunc pro tunc December 13, 1991, and an order was entered again withholding adjudication and placing appellant on community control for two years, followed by three years probation, with a condition that appellant serve 180 days in the county jail, with credit for time served.
The first issue that we must address is whether the trial court erred in revoking appellant's community control after approximately eight months and reimposing a two-year term of community control, resulting in a total term of two years and eight months on community control.
Section 948.01(4), Florida Statutes (1991) provides in pertinent part:
When community control or a program of public service is ordered by the court, the duration of community control supervision or public service may not be longer than the sentence that could have been imposed if the offender had been committed for the offense or a period not to exceed two years, whichever is less. [Emphasis added.]
However, the state argues that section 948.06(1), Florida Statutes (1991) authorizes the sentence imposed. Section 948.06(1) provides that if a violation of probation or community control is admitted or proven, the court may revoke, modify, or continue the probation or community control or place the probationer on community control. If probation or community control is revoked the court shall "impose any sentence which it might have originally imposed before placing the probationer on probation or the offender into community control." Because the court would have been authorized to sentence the appellant for a term of up to five years imprisonment for the third degree felony under section 775.082(3)(d), Florida Statutes (1991), the state contends that the five-year term of community control and probation is legal. The state argues that while a court may be limited to imposing community control for a maximum of two years in any one sentencing, it is not prohibited from imposing a new two-year term of community control upon revoking a defendant's previous term of community control.
*157 We recognized in Ramey v. State, 546 So.2d 1156 (Fla. 5th DCA 1989) that section 948.06(1) authorizes a court upon revocation of probation to impose any sentence it might have originally imposed. In Ramey, after serving 13 months on probation for a third degree felony, the defendant was convicted of a violation and sentenced to 5 years incarceration to be suspended after 1 1/2 years. See also Quincutti v. State, 540 So.2d 900 (Fla. 3d DCA 1989). Further, in Poore v. State, 531 So.2d 161 (Fla. 1988), the Florida Supreme Court discussed the five possible sentencing alternatives and held that when a defendant was sentenced to a probationary split sentence, a Villery sentence or straight probation and violated probation, section 948.06 permitted a sentencing judge to impose any sentence that might have originally been imposed, with credit for time served and subject to the guidelines.
However, none of these cases interpreting section 948.06 involve terms of community control in excess of 2 years, but instead involve revocation of probation and resentencing to incarceration. There is clearly a distinction between probation and community control. Section 948.001(2), Florida Statutes (1991) defines community control as:
"[A] form of intensive, supervised custody in the community, including surveillance on weekends and holidays, administered by officers with restricted case-loads. Community control is an individualized program in which the freedom of an offender is restricted within the community, home, or non-institutional residential placement and specific sanctions are imposed and enforced."
See also Rule 3.701(d)(13), Fla.R.Crim.P. (community control is a form of intensive supervised custody in the community involving restrictions of the freedom of the offender). In State v. Mestas, 507 So.2d 587, 588 (Fla. 1987), the court noted that community control is a "harsh and more severe alternative to ordinary probation." See also Braxton v. State, 524 So.2d 1141 (Fla. 2d DCA 1988); Stranigan v. State, 457 So.2d 546 (Fla. 2d DCA 1984). More recently, the supreme court stated that community control was "a more coercive deprivation of liberty and a more serious penalty than probation." Fraser v. State, 602 So.2d 1299, 1300 (Fla. 1992). The court held in Fraser that where a defendant was about to successfully complete a sentence of community control when it was determined that such sentence was illegally imposed and the defendant is subsequently sentenced to imprisonment, the defendant was entitled to credit for the time he had served on community control.
The most important distinction between community control and probation in the context of this case, however, is the specific statutory two-year limitation on the term of community control set forth in section 948.01(4). By way of contrast, the maximum period of probation is limited only by the statutory maximum of the term of incarceration which could be imposed. See Kolovrat v. State, 574 So.2d 294 (Fla. 5th DCA 1991); Twining v. State, 380 So.2d 496 (Fla. 2d DCA 1980); Swift v. State, 362 So.2d 723 (Fla. 2d DCA 1978).
In Crawford v. State, 567 So.2d 428, 429 (Fla. 1990) the Florida Supreme Court stated that section 948.01(5) [now 948.01(4)] means that "for any one offense, community control may be imposed for a maximum of two years." Although the court went on to hold that consecutive two-year terms of community control could be imposed, consecutive terms were only authorized when separate crimes had been committed. See also State v. Arnold, 550 So.2d 154 (Fla. 5th DCA 1989); Sanchez v. State, 538 So.2d 923 (Fla. 5th DCA 1989); Mick v. State, 506 So.2d 1121 (Fla. 1st DCA 1987). However, appellant was convicted of only one offense.
We find that the specific statutory limitation on the term of community control governs over the more general provisions for violating penalties after community control. See generally, Brooks v. State, 478 So.2d 1052 (Fla. 1985). In addition, criminal statutes which are susceptible to differing constructions are to be strictly construed in favor of the accused. See, e.g., Scates v. State, 603 So.2d 504 (Fla. *158 1992); Lambert v. State, 545 So.2d 838 (Fla. 1989).
Thus, we conclude that the lower court erred in placing appellant on community control for a total term of more than two years for a single offense, even though appellant's community control was revoked and subsequently reinstated.
This case involves the additional question of whether appellant's sentence exceeds the statutory maximum for a third degree felony. On June 3, 1988 appellant was sentenced to five years probation, which was violated on April 24, 1991, with appellant being sentenced to twenty-four months community control, which was again revoked on December 13, 1991, with appellant being placed on two years community control followed by three years probation.
The state again argues that upon revocation of probation or community control a court can sentence a defendant to any penalty it could have originally imposed up to the statutory maximum. The state relies on Ramey v. State, 546 So.2d 1156 (Fla. 5th DCA 1989), in which we held that after serving thirteen months of two concurrent five-year terms of probation for separate third degree felony offenses, the defendant could be sentenced after a violation of probation to a "true split sentence", consisting of five years imprisonment suspended after 3 1/2 years to probation, without exceeding the five-year maximum penalty for a third degree felony. However, in the analogous case of Kolovrat v. State, 574 So.2d 294 (Fla. 5th DCA 1991), a defendant was placed on five years probation for a third degree felony offense and then allegedly violated probation after three years, at which time defendant's probation was revoked, with defendant again being placed on probation for an additional three years. We held in Kolovrat that the period of probation could not be extended beyond five years, the statutory maximum. Accord Blackburn v. State, 468 So.2d 517 (Fla. 1st DCA 1985); Watts v. State, 328 So.2d 223 (Fla. 2d DCA 1976). Otherwise, probation and likewise community control could be extended by a court ad infinitum beyond the statutory maximum incarceration each time probation or community control is revoked. We doubt the legislature intended such a result.
Thus, we hold that the instant case is governed by our decision in Kolovrat and not Ramey. Kolovrat and Ramey are not inconsistent, but each deals with two separate and distinct scenarios following a revocation of probation or community control. In one situation the defendant, following revocation, is placed again on probation or community control in lieu of being sentenced. See State v. Kendrick, 596 So.2d 1153, 1154 (Fla. 5th DCA 1992). See also §§ 948.01(1), (3), and (4), Fla. Stat. (1991). In the other situation the defendant, following revocation, is finally sentenced to incarceration, and section 948.06(1) then permits the court to impose "any sentence which it might have originally imposed."
We have considered the state's argument concerning the effect of section 948.06(2), Florida Statutes (1991) on this issue. Section 948.06(2), provides that "No part of the time that the defendant is on probation or in community control shall be considered as any part of the time that he shall be sentenced to serve." Generally, a defendant is not entitled to credit for time served on community control against any term of incarceration subsequently imposed. See State v. Collins, 585 So.2d 454 (Fla. 2d DCA 1991); Swain v. State, 553 So.2d 1331 (Fla. 1st DCA 1989); State v. Arnold, 550 So.2d 154 (Fla. 5th DCA 1989); Mathews v. State, 529 So.2d 361 (Fla. 2d DCA 1988). However, as we have pointed out, this general rule has now been modified by Fraser v. State, which held that a defendant is entitled to credit for time served on community control when the defendant's sentence of community control has been revoked as illegal and not due to any fault of the defendant.
Further, section 948.06(2) and the applicable case law governing credit for time served deal with the question of whether a defendant is entitled to credit for time served while on community control on any term of incarceration subsequently imposed and not with the issue involved in *159 this case of whether the total terms of probation and community control can exceed the statutory maximum provided for an offense. As we have noted, community control is not generally considered the equivalent of incarceration, in that it is less restrictive than prison but more severe than probation. It is analogous to probation, in that a defendant is not sentenced to probation or community control, but placed on probation or community control in lieu of being sentenced. See State v. Kendrick, supra, at 1154 and §§ 948.01(1), (3) and (4), Fla. Stat. (1991). Thus, we conclude that section 948.06(2) and the case law governing credit for time served are inapplicable.
Consequently, we hold that the trial court erred in placing appellant on probationary and community control terms which exceeded the statutory maximum sentence of five years.
Accordingly, we affirm appellant's conviction; however, we vacate his sentence and remand with directions that, on resentencing, appellant's sentence not exceed a total term of five years consisting of both probation and community control and that the total community control imposed cannot exceed two years.
Conviction AFFIRMED; Sentence VACATED; REMANDED.
COBB and HARRIS, JJ., concur.
NOTES
[1] § 893.13(1)(e), Fla. Stat. (1985).