616 So.2d 461 (1993)
Gregory ZAETLER, Appellant,
v.
The STATE of Florida, Appellee.
No. 92-1021.
District Court of Appeal of Florida, Third District.
January 12, 1993.
Rehearing Denied May 11, 1993.
*462 Gregory Zaetler, in pro. per.
Robert A. Butterworth, Atty. Gen., and Randall Sutton, Asst. Atty. Gen., for appellee.
Before BASKIN, COPE and GODERICH, JJ.
PER CURIAM.
Gregory Zaetler appeals the denial of his motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850. Zaetler argues that he should not have been sentenced under Count IV of the indictment, which charged him with possession of a firearm during the commission of the felonies with which he was charged in Counts I, II, and III. That is so, Zaetler contends, because Counts I, II, and III were enhanced on account of the possession of the firearm during commission of those felonies. See Cleveland v. State, 587 So.2d 1145, 1146 (Fla. 1991).
In the present case a review of the plea colloquy reveals that Zaetler pled nolo contendere to all counts, and that he affirmatively agreed to the sentences imposed: thirty years on Count I and time served on the remaining counts. The voluntary plea plus agreement on sentence waived any double jeopardy objection as to the convictions and sentences. Novaton v. State, 610 So.2d 726 (Fla. 3d DCA 1992) and cases cited therein; see also State v. Johnson, 483 So.2d 420, 423 (Fla. 1986) (citing United States v. Pratt, 657 F.2d 218 (8th Cir.1981); United States v. Herzog, 644 F.2d 713 (8th Cir.), cert. denied, 451 U.S. 1018, 101 S.Ct. 3008, 69 L.Ed.2d 390 (1981)).
The trial court correctly denied the other claims in the Rule 3.850 motion as well. There is no merit to the claim of double jeopardy with respect to Counts II and III of the indictment which were aggravated assaults on separate victims from the victim in Count I. Victim injury was correctly scored. Fennell v. State, 544 So.2d 1017 (Fla. 1989). Count I was correctly scored. See §§ 775.087, 782.04(2), Fla. Stat. (1987).
There was no objection below to the scoring of defendant's prior record and the scoresheet was signed by defense counsel. Defendant's Rule 3.850 motion was not accompanied by certified copies of his prior convictions, but only consists of defendant's bare assertions of scoring error. Assuming arguendo, however, that the prior record segment should have been scored as defendant now contends, defendant specifically bargained for a thirty-year sentence on Count I and time served on all other counts; the thirty-year sentence would be well within the permitted range even if prior record were rescored in accordance with defendant's assertions in the 3.850 motion. If there was scoring error, it was harmless.
During the pendency of this appeal, Zaetler raised an additional claim that he had ineffective assistance of counsel with respect to entry of his plea. Because the issue was not brought before the trial court in the Rule 3.850 motion, it is not properly before this court on appeal. We therefore do not consider it and express no view on the merits thereof.
Affirmed.