624 So.2d 793 (1993)
Norman CONREY, Appellant,
v.
STATE of Florida, Appellee.
No. 92-2229.
District Court of Appeal of Florida, Fifth District.
September 24, 1993.
James B. Gibson, Public Defender, and M.A. Lucas, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Anthony J. Golden, Asst. Atty. Gen., Daytona Beach, for appellee.
DIAMANTIS, Judge.
Norman Conrey appeals the trial court's order which reinstated Conrey's probation for an additional two-year period pursuant to a plea agreement. Conrey contends that the trial court's order is illegal because the order extends his probation for a third-degree felony beyond the maximum five-year probationary period allowed by law.[1] We agree and, thus, vacate the order extending probation and remand for further proceedings.[2]
On June 4, 1987, the trial court adjudicated Conrey guilty on two counts of carrying a concealed firearm, a third-degree felony, in violation of section 790.01(2), Florida Statutes *794 (1985). The trial court sentenced Conrey to a term of 364 days imprisonment in the county jail, with 236 days credit for time served, on count one, and to a consecutive term of five years probation on count two.
On May 6, 1992, Conrey was charged with violating his probation. On August 14, 1992, Conrey, pursuant to a plea agreement, pled guilty to violating his probation in exchange for being placed on probation for an additional two-year term. On September 29, 1992, the court entered a written order, nunc pro tunc August 14, 1992, which revoked Conrey's probation and reinstated him to probation pursuant to the plea agreement.
When imposing a term of probation, a court is not authorized to extend the term of probation beyond the period of maximum sentence. Kolovrat v. State, 574 So.2d 294, 297 (Fla. 5th DCA 1991). See also Moore v. State, 623 So.2d 795 (Fla. 1st DCA 1993); Ogden v. State, 605 So.2d 155, 158 (Fla. 5th DCA 1992). Because a court is powerless to extend a period of probation beyond the maximum permissible sentence, any such extension is illegal. Blackburn v. State, 468 So.2d 517, 518 (Fla. 1st DCA 1985); Watts v. State, 328 So.2d 223, 223 (Fla. 2d DCA 1976). The statutory maximum sentence for a third degree felony is five years; thus, the maximum probationary term that Conrey can receive is five years. Kolovrat, 574 So.2d at 297. Here, Conrey has received a total term of probation which exceeds five years. A trial court cannot impose an illegal sentence pursuant to a plea bargain. Williams v. State, 500 So.2d 501, 503 (Fla. 1986). See also Watkins v. State, 622 So.2d 1148 (Fla. 1st DCA 1993).
Accordingly, we vacate the trial court's order placing Conrey on probation and remand this cause to the trial court to enter an order placing Conrey on probation for a term which shall not result in Conrey being on probation for more than a total of five years or, alternatively, the state may request the trial court to vacate the plea and set the probation violation matter for hearing. If a hearing is held and Conrey is found guilty of violating his probation, the trial court shall have the option of sentencing pursuant to Williams v. State, 594 So.2d 273 (Fla. 1992) (sentence may be bumped up one cell for each violation of probation). Also, in the event Conrey is sentenced to incarceration, he is entitled to be credited for time served as mandated by Tripp v. State, 622 So.2d 941 (Fla. 1993) (credit for time served on first offense must be awarded on sentence imposed after revocation of probation on second offense).
ORDER VACATED; REMANDED.
GOSHORN and GRIFFIN, JJ., concur.
NOTES
[1] A defendant may appeal from an illegal sentence even when he has entered a guilty plea. Smith v. State, 358 So.2d 1164, 1165 (Fla. 2d DCA 1978).
[2] We have reviewed and rejected Conrey's double jeopardy contention because we conclude that this issue was voluntarily waived by entry of the guilty plea. See Zaetler v. State, 616 So.2d 461 (Fla. 3d DCA 1993); Novation v. State, 610 So.2d 726 (Fla. 3d DCA 1992).