631 So.2d 1130 (1994)
Mark Thomas WARDELL, Appellant,
v.
STATE of Florida, Appellee.
No. 93-143.
District Court of Appeal of Florida, Fifth District.
February 4, 1994.
*1131 James B. Gibson, Public Defender, and Kenneth Witts, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Bonnie Jean Parrish, Asst. Atty. Gen., Daytona Beach, for appellee.
PER CURIAM.
We affirm Mark Thomas Wardell's judgments and sentences in case number 91-1417 below for violation of probation, and we specifically hold that the trial court had the inherent power to correct a clerical error to reflect that Wardell was originally convicted of the second-degree felony of burglary of a dwelling as opposed to the third-degree felony of resisting an officer with violence. See Drumwright v. State, 572 So.2d 1029 (Fla. 5th DCA 1991). See also Barriner v. State, 627 So.2d 624 (Fla. 5th DCA 1993).
However, we must vacate the trial court's order which placed Wardell on probation for an additional five years for the third-degree felonies of resisting arrest with violence (case number 91-1204) and burglary of a structure and grand theft (case number 91-1602) following a finding of violation of probation because the total probationary term imposed for each of these offenses exceeds five years. See Ogden v. State, 605 So.2d 155 (Fla. 5th DCA 1992) (trial court, following a revocation of probation, cannot extend defendant's total period of probation beyond the statutory maximum of five years for a third-degree felony). Accord Summers v. State, 625 So.2d 876 (Fla. 2d DCA 1993); Moore v. State, 623 So.2d 795 (Fla. 1st DCA 1993); Kolovrat v. State, 574 So.2d 294 (Fla. 5th DCA 1991). We remand case numbers 91-1204 and 91-1602 below for resentencing consistent with Ogden and Kolovrat. Because we view this issue to be a matter of great public importance, however, we certify this issue, as the second district did in Summers:
MUST A TRIAL COURT, UPON REVOCATION OF PROBATION, CREDIT PREVIOUS TIME SERVED ON PROBATION TO ANY NEWLY IMPOSED TERM OF COMMUNITY CONTROL AND PROBATION SO THAT THE TOTAL PERIOD OF COMMUNITY CONTROL AND PROBATION DOES NOT EXCEED THE STATUTORY MAXIMUM FOR A SINGLE OFFENSE?
AFFIRMED in part; REVERSED in part; REMANDED.
DAUKSCH, COBB and DIAMANTIS, JJ., concur.