HARRIS, Chief Judge.
Dale Hull appeals his sentence for violation of community control. In February, 1988, Hull was sentenced to five years’ probation for attempting to illegally obtain a controlled substance. In July, 1988, the State filed an affidavit of violation of probation against the defendant for violation of three conditions, none of which involved an additional crime. In April, 1991, Hull violated his probation a second time by once again attempting to obtain a controlled substance by fraud. He committed a third violation in August, 1992 and a fourth in September, 1992, both involving attempts to obtain a controlled substance by fraud.
Hull’s sentencing guidelines scoresheet placed him in the first cell with a notation that he could be bumped to the third cell due to two prior revocations and the present violation based on the offenses in August and September, 1992. Cell three permits a range of community control or one to four and a half years’ incarceration. At the sentencing hearing, the trial court revoked Hull’s probation and sentenced him to serve 364 days in jail with credit for 109 days served, to be followed by one year of community control, the first six months to be served in a drug treatment program, the remainder to be followed by three years’ probation.
Hull contends that the trial court erred in sentencing him to both community control and incarceration. We agree and remand for resentencing. See State v. VanKooten, 522 So.2d 830 (Fla.1988). Since the appropriate guideline sentence provides for community control or incarceration, a trial court cannot impose a sentence which includes a combina *242 tion of both incarceration and community control.[1]
REVERSED and REMANDED for resen-tencing consistent with this opinion.
W. SHARP and THOMPSON, JJ., concur.

. We do not address the defendant’s argument based on Ogden v. State, 605 So.2d 155 (Fla. 5th DCA 1992), but call it to the trial court’s attention at the time of resentencing.