636 So.2d 845 (1994)
Scott Allan STRAUGHAN, Appellant,
v.
STATE of Florida, Appellee.
No. 93-817.
District Court of Appeal of Florida, Fifth District.
May 6, 1994.
James B. Gibson, Public Defender, and James T. Cook, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Wesley Heidt, Asst. Atty. Gen., Daytona Beach, for appellee.
DIAMANTIS, Judge.
Scott Allan Straughan appeals, claiming that his sentence is illegal because it extends the period of his state supervision beyond the maximum five-year period allowed by law for *846 a third-degree felony. We agree and, therefore, reverse.
In February 1992, the trial court placed appellant on two years drug-offender probation for the third-degree felony of possession of cannabis in excess of 20 grams.[1] After appellant had completed approximately one year of probation, he violated the terms of his probation. As a result, the trial court revoked his probation and resentenced him to a term of two years community control followed by three years drug-offender probation. Because appellant had already served approximately one year of probation, the trial court's order placing him on two years community control followed by three years of drug-offender probation resulted in the imposition of a sentence which exceeds the statutory maximum five-year period of state supervision authorized for a third-degree felony.
In Ogden v. State, 605 So.2d 155 (Fla. 5th DCA 1992), we explained that a sentence of probation coupled with community control cannot extend beyond the statutory maximum for the offense charged because, otherwise, probation or community control could be extended ad infinitum beyond the statutory maximum each time probation or community control is revoked. We concluded that the legislature could not have intended such a result. Id. at 158. See also Summers v. State, 625 So.2d 876 (Fla. 2d DCA 1993) (en banc); Conrey v. State, 624 So.2d 793 (Fla. 5th DCA 1993); Moore v. State, 623 So.2d 795 (Fla. 1st DCA 1993); Raulerson v. State, 620 So.2d 265 (Fla. 5th DCA 1993); Kolovrat v. State, 574 So.2d 294 (Fla. 5th DCA 1991); Servis v. State, 588 So.2d 290 (Fla. 2d DCA 1991). Contra Quincutti v. State, 540 So.2d 900 (Fla. 3d DCA 1989).
Our courts have similarly ruled that, where a trial court, after having adjudicated a defendant guilty for violating his probation, either extends or modifies the terms of probation instead of revoking probation, the statutory maximum must be observed. Schertz v. State, 387 So.2d 477 (Fla. 4th DCA 1980). We find no cogent reason to draw a distinction between the situation where the trial court revokes probation and the situation where the trial court merely extends or modifies probation. As the second district has noted, to do so would elevate form over substance. Summers v. State, 625 So.2d at 879-80 n. 5.
We recognize also that, where a defendant has had his or her probation or community control extended to the statutory maximum after one or more revocations, the trial court still has the option to impose a sentence of imprisonment for any subsequent violation. See, e.g., Williams v. State, 594 So.2d 273 (Fla. 1992) (sentence may be bumped up one cell for each successive violation of probation); Ramey v. State, 546 So.2d 1156 (Fla. 5th DCA 1989) (following revocation of probation, court may impose "true split sentence" of five years imprisonment suspended after 3 1/2 years of probation).[2]
As the court did in Summers, we certify this issue as a matter of great public importance:
MUST A TRIAL COURT, UPON REVOCATION OF PROBATION, CREDIT PREVIOUS TIME SERVED ON PROBATION TO ANY NEWLY IMPOSED TERM OF COMMUNITY CONTROL AND PROBATION SO THAT THE TOTAL PERIOD OF COMMUNITY CONTROL AND PROBATION DOES NOT EXCEED THE STATUTORY MAXIMUM FOR A SINGLE OFFENSE?
Sentence VACATED; cause REMANDED.
*847 PETERSON, J., concurs specially, with opinion.
W. SHARP, J., dissents, with opinion.
PETERSON, Judge, concurring specially.
I join in the result obtained by Judge Diamantis because of the prior decisions of this court and because the issue will be placed at rest by certifying the question to the supreme court as this court has previously done in Wardell v. State, 631 So.2d 1130 (Fla. 5th DCA 1994), and as the second district has done in Summers v. State, 625 So.2d 876 (Fla. 2d DCA 1993).
The case primarily relied upon by Judge Diamantis in reaching his conclusion, Ogden v. State, 605 So.2d 155 (Fla. 5th DCA 1992), in turn relied upon Fraser v. State, 602 So.2d 1299 (Fla. 1992). I believe that the reliance was misplaced. In Fraser, the supreme court carefully distinguished between probation and community control in allowing credit for the latter.[1]Fraser dealt specifically with the injustice that would result where a defendant, after receiving and successfully completing an erroneous sentence of community control, is notified, through no fault of his own, that his sentence was an illegal downward departure. Fraser did not concern the penalty to be imposed subsequent to a violation and revocation of probation, but was fashioned in that particular case to prevent an unfair result.
I analyze section 948.06, Florida Statutes (1993) in order to attempt to answer Judge Sharp's inquiry as to why credit for time served must be given when probation is imposed following a violation even though the same credit is not required if a term of incarceration is imposed. The observation was made in Ogden that, if credit is not allowed, a trial court could extend probation ad infinitum beyond the statutory maximum for incarceration each time probation is revoked. The Ogden court stated it was doubtful that the legislature intended such a result.
It is reasonable to conclude that the drafters of section 948.06, Florida Statutes, never contemplated that a sentencing judge would revoke probation and then reimpose probation upon a defendant who has committed a crime and has already been given the chance to avoid the more serious penalty. The last two sentences of section 948.06(1) provide:
After [the probation violation] hearing, the court may revoke, modify, or continue the probation or community control or place the probationer into community control. If such probation or community control is revoked, the court shall adjudge the probationer or offender guilty of the offense charged and proven or admitted, unless he has previously been adjudged guilty, and impose any sentence which it might have originally imposed before placing the probationer or offender on probation or into community control.
Thus, if a probationer violates the conditions of probation, arguably the trial court has three options under the statute:
1. Revoke probation and place the defendant on community control, or impose any sentence that might have been originally imposed;
2. Modify the probation to include appropriate new conditions and even a condition of jail time.
3. Continue the original probation without revoking it, but not beyond the maximum time of incarceration prescribed for the offense.
The key word used in subsection (1) is "sentence." If probation or community control is revoked, a court shall "impose any sentence which it might have originally imposed." I do not think the statute equates the terms "probation" and "sentence." This conclusion is supported by section 948.01(2) which distinguishes between probation and a sentence in authorizing a court to "stay and withhold the imposition of sentence upon [a] defendant and ... place him upon probation." See also Brown v. State, 302 So.2d 430 (Fla. 4th DCA 1974). The sentencing alternative of straight probation is simply not *848 available after a revocation of probation. If, after a violation of probation has been proven, probation is still desirable and justified in the opinion of the trial judge, the probation should be continued or modified, not revoked and reimposed.
W. SHARP, Judge, dissenting.
I respectfully dissent. In my view, the sentence which Straughan received after his probationary sentence was revoked, was legally permissible and should be affirmed by us.
In 1991, Straughan pled nolo contendere to possession of contraband, a third degree felony. Adjudication was withheld, and he was placed on probation (in a drug program) for two years, on the condition that he serve eight days in county jail. While still on probation, in January of 1993, Straughan was arrested for violating his probation by possessing contraband. He entered a nollo plea to his probation violation.
At that time, the recommended, permissive sentencing guidelines bracket would have permitted the court to sentence Straughan to any non-state prison sanction up to 3 1/2 years in prison. For a third degree felony, the maximum statutory sentence is 5 years.[1] The court elected to revoke Straughan's probation.
The court sentenced Straughan to 2 years on community control, to be followed by 3 years on probation in a drug offense program. The judge threatened to sentence Straughan to a straight prison sentence if he were unable to meet the conditions of those programs and remain drug-free. But prior to that, the judge said Straughan should have the benefit of the Bridge Substance Abuse Treatment Program (a drug rehabilitation program available to persons on community control  not in prison).
After probation is revoked, a person can be resentenced to any sentence which would have been legal initially. See Tripp v. State, 622 So.2d 941, 942 (Fla. 1993); Poore v. State, 531 So.2d 161 (Fla. 1988); Villery v. Fla. Parole & Probation, 396 So.2d 1107, 1109 (Fla. 1980); State v. Holmes, 360 So.2d 380 (Fla. 1978). See also State v. Arnette, 604 So.2d 482 (Fla. 1992) (involving youthful offender treatment, citing section 948.06(1)). Section 948.06(1), Florida Statutes (1991) expressly so provides:
If probation ... is revoked, the court shall adjudge the probationer or offender guilty of the offense charged ... and impose any sentence which it might have originally imposed before placing the probationer on probation. ... (emphasis supplied)
Applying those authorities, this court held in Ramey v. State, 546 So.2d 1156 (Fla. 5th DCA 1989) and Ricketson v. State, 558 So.2d 119 (Fla. 5th DCA 1990) that a successive probationary sentence could be imposed following revocation of probation. We rejected the argument in those cases that multiple or successive probationary sentences adding up to more than the maximum statutory sentence was illegal. Our sister court in Quincutti v. State, 540 So.2d 900 (Fla. 3d DCA 1989) took a similar position.
However, in two more recent cases this court has, by strong dictum, taken a different approach. In Kolovrat v. State, 574 So.2d 294 (Fla. 5th DCA 1991), a defendant was put on probation for five years after entering a plea of no contest to a third degree felony. She violated her probation. The trial court revoked her probation and "reimposed" an additional three year probationary sentence. This court reversed primarily on the ground that there was no evidence the defendant violated her probation. Secondarily, it noted that an additional three years probation (on top of the five initial years) violated the statutory maximum.
In Ogden v. State, 605 So.2d 155 (Fla. 5th DCA 1992), this same view was repeated on the ground that the dictum in Kolovrat was "controlling." In Ogden a defendant had been sentenced for a third degree felony to 2 years on community control. He had partially served it before his sentence was revoked for a violation. The trial court then sentenced him to 2 years on community control followed by 3 years on probation.
*849 The Ogden court distinguished Ramey on the ground that Ramey involved successive probationary sentences. It held that section 948.06 barred a sentence for more than 2 years in length on community control, even though the second sentence is successive to the first.
In this case, we are not dealing with successive community control sentences. This is a successive probationary sentence case. It should be governed by Ramey rather than Kolovrat, which in reality turned on a different issue.
Nor do I perceive any merit to the argument that the statutory maximum sentence limitation is violated by a successive probationary sentence after revocation of probation. In essence, such a view requires a sentencing court to "credit" a defendant for time served on probation prior to revocation. That is not required nor permitted. § 921.161, Fla. Stat. (1991); Pennington v. State, 398 So.2d 815, 817 (Fla. 1981); Holmes; Smith v. State, 619 So.2d 994 (Fla. 3d DCA 1993).
Further, such a view deprives the trial court of discretion to refashion a sentence short of straight prison time for a defendant who has violated his probation. That appears contrary to section 948.06(1) quoted above, and to Poore. I think the Legislature intended to give the trial court the discretion to impose such a sentence after revocation of probation.
It is argued that the Legislature could not have intended the courts to impose indefinite probationary sentences ad infinitum after successive violations. But, the court clearly has the option to sentence a defendant to successive prison terms in excess of the statutory maximum, if a defendant violates a probationary split sentence or a Villery sentence. I fail to see the distinction.
In sum, I dissent because I disagree with the dictum relied upon in this case from Ogden and Kolovrat. It is in conflict with Ricketson and Ramey, and should be en banc'd. And, if this view prevails, at a minimum we should certify this case as being in conflict with Quincutti.
NOTES
[1] § 893.13(1)(f), Fla. Stat. (1991).
[2] Ramey is not inconsistent with our decisions in Kolovrat and Ogden:

Kolovrat and Ramey are not inconsistent, but each deals with two separate and distinct scenarios following a revocation of probation or community control. In one situation the defendant, following revocation, is placed again on probation or community control in lieu of being sentenced. See State v. Kendrick, 596 So.2d 1153, 1154 (Fla. 5th DCA 1992) [, rev. dismissed, 613 So.2d 5 (Fla. 1992)]. See also §§ 948.01(1), (3), and (4), Fla. Stat. (1991). In the other situation the defendant, following revocation, is finally sentenced to incarceration, and section 948.06(1) then permits the court to impose "any sentence which it might have originally imposed."
Ogden, 605 So.2d at 158.
[1] The court stated, "We note initially that this Court has already established that community control is a more coercive deprivation of liberty and a more serious penalty than probation." Fraser at 1300.
[1] § 775.082(3)(d), Fla. Stat. (1991).