DIAMANTIS, Judge.
Scott Allan Straughan appeals, claiming that his sentence is illegal because it extends the period of his state supervision beyond the maximum five-year period allowed by law for *846 a third-degree felony. We agree and, therefore, reverse.
In February 1992, the trial court placed appellant on two years drug-offender probation for the third-degree felony of possession of cannabis in excess of 20 grams.[1] After appellant had completed approximately one year of probation, he violated the terms of his probation. As a result, the trial court revoked his probation and resentenced him to a term of two years community control followed by three years drug-offender probation. Because appellant had already served approximately one year of probation, the trial court’s order placing him on two years community control followed by three years of drug-offender probation resulted in the imposition of a sentence which exceeds the statutory maximum five-year period of state supervision authorized for a third-degree felony.
In Ogden v. State, 605 So.2d 155 (Fla. 5th DCA 1992), we explained that a sentence of probation coupled with community control cannot extend beyond the statutory maximum for the offense charged because, otherwise, probation or community control could be extended ad infinitum beyond the statutory maximum each time probation or community control is revoked. We concluded that the legislature could not have intended such a result. Id. at 158. See also Summers v. State, 625 So.2d 876 (Fla. 2d DCA 1993) (en banc); Conrey v. State, 624 So.2d 793 (Fla. 5th DCA 1993); Moore v. State, 623 So.2d 795 (Fla. 1st DCA 1993); Raulerson v. State, 620 So.2d 265 (Fla. 5th DCA 1993); Kolovrat v. State, 574 So.2d 294 (Fla. 5th DCA 1991); Servis v. State, 588 So.2d 290 (Fla. 2d DCA 1991). Contra Quincutti v. State, 540 So.2d 900 (Fla. 3d DCA 1989).
Our courts have similarly ruled that, where a trial court, after having adjudicated a defendant guilty for violating his probation, either extends or modifies the terms of probation instead of revoking probation, the statutory maximum must be observed. Schertz v. State, 387 So.2d 477 (Fla. 4th DCA 1980). We find no cogent reason to draw a distinction between the situation where the trial court revokes probation and the situation where the trial court merely extends or modifies probation. As the second district has noted, to do so would elevate form over substance. Summers v. State, 625 So.2d at 879-80 n. 5.
We recognize also that, where a defendant has had his or her probation or community control extended to the statutory maximum after one or more revocations, the trial court still has the option to impose a sentence of imprisonment for any subsequent violation. See, e.g., Williams v. State, 594 So.2d 273 (Fla.1992) (sentence may be bumped up one cell for each successive violation of probation); Ramey v. State, 546 So.2d 1156 (Fla. 5th DCA 1989) (following revocation of probation, court may impose “true split sentence” of five years imprisonment suspended after 3& years of probation).[2]
As the court did in Summers, we certify this issue as a matter of great public importance:
MUST A TRIAL COURT, UPON REVOCATION OF PROBATION, CREDIT PREVIOUS TIME SERVED ON PROBATION TO ANY NEWLY IMPOSED TERM OF COMMUNITY CONTROL AND PROBATION SO THAT THE TOTAL PERIOD OF COMMUNITY CONTROL AND PROBATION DOES NOT EXCEED THE STATUTORY MAXIMUM FOR A SINGLE OFFENSE?
Sentence VACATED; cause REMANDED.
*847 PETERSON, J., concurs specially, with opinion.
W. SHARP, J., dissents, with opinion.

. § 893.13(1)(£), Fla.Stat. (1991).

. Ramey is not inconsistent with our decisions in Kolovrat and Ogden:
Kolovrat and Ramey are not inconsistent, but each deals with two separate and distinct scenarios following a revocation of probation or community control. In one situation the defendant, following revocation, is placed again on probation or community control in lieu of being sentenced. See State v. Kendrick, 596 So.2d 1153, 1154 (Fla. 5th DCA 1992) [, rev. dismissed, 613 So.2d 5 (Fla.1992)]. See also §§ 948.01(1), (3), and (4), Fla.Stat. (1991). In the other situation the defendant, following revocation, is finally sentenced to incarceration, and section 948.06(1) then permits the court to impose "any sentence which it might have originally imposed.”
Ogden, 605 So.2d at 158.