W. SHARP, Judge,
dissenting.
I respectfully dissent. In my view, the sentence which Straughan received after his probationary sentence was revoked, was legally permissible and should be affirmed by us.
In 1991, Straughan pled nolo contendere to possession of contraband, a third degree felony. Adjudication was withheld, and he was placed on probation (in a drug program) for two years, on the condition that he serve eight days in county jail. While still on probation, in January of 1993, Straughan was arrested for violating his probation by possessing contraband. He entered a nollo plea to his probation violation.
At that time, the recommended, permissive sentencing guidelines bracket would have permitted the court to sentence Straughan to any non-state prison sanction up to 3]é years in prison. For a third degree felony, the maximum statutory sentence is 5 years.[1] The court elected to revoke Straughan’s probation.
The court sentenced Straughan to 2 years on community control, to be followed by 3 years on probation in a drug offense program. The judge threatened to sentence Straughan to a straight prison sentence if he were unable to meet the conditions of those programs and remain drug-free. But prior to that, the judge said Straughan should have the benefit of the Bridge Substance Abuse Treatment Program (a drug rehabilitation program available to persons on community control — not in prison).
After probation is revoked, a person can be resentenced to any sentence which would have been legal initially. See Tripp v. State, 622 So.2d 941, 942 (Fla.1993); Poore v. State, 531 So.2d 161 (Fla.1988); Villery v. Fla. Parole & Probation, 396 So.2d 1107, 1109 (Fla.1980); State v. Holmes, 360 So.2d 380 (Fla. 1978). See also State v. Arnette, 604 So.2d 482 (Fla.1992) (involving youthful offender treatment, citing section 948.06(1)). Section 948.06(1), Florida Statutes (1991) expressly so provides:
If probation ... is revoked, the court shall adjudge the probationer or offender guilty of the offense charged ... and impose any sentence which it might have originally imposed before placing the probationer on probation.... (emphasis supplied)
Applying those authorities, this court held in Ramey v. State, 546 So.2d 1156 (Fla. 5th DCA 1989) and Ricketson v. State, 558 So.2d 119 (Fla. 5th DCA 1990) that a successive probationary sentence could be imposed following revocation of probation. We rejected the argument in those cases that multiple or successive probationary sentences adding up to more than the maximum statutory sentence was illegal. Our sister court in Quincutti v. State, 540 So.2d 900 (Fla. 3d DCA 1989) took a similar position.
However, in two more recent eases this court has, by strong dictum, taken a different approach. In Kolovrat v. State, 574 So.2d 294 (Fla. 5th DCA 1991), a defendant was put on probation for five years after entering a plea of no contest to a third degree felony. She violated her probation. The trial court revoked her probation and “reimposed” an additional three year probationary sentence. This court reversed primarily on the ground that there was no evidence the defendant violated her probation. Secondarily, it noted that an additional three years probation (on top of the five initial years) violated the statutory maximum.
In Ogden v. State, 605 So.2d 155 (Fla. 5th DCA 1992), this same view was repeated on the ground that the dictum in Kolovrat was “controlling.” In Ogden a defendant had been sentenced for a third degree felony to 2 years on community control. He had partially served it before his sentence was revoked for a violation. The trial court then sentenced him to 2 years on community control followed by 3 years on probation.
*849 The Ogden court distinguished Ramey on the ground that Ramey involved successive probationary sentences. It held that section 948.06 barred a sentence for more than 2 years in length on community control, even though the second sentence is successive to the first.
In this case, we are not dealing with successive community control sentences. This is a successive probationary sentence case. It should be governed by Ramey rather than Kolovrat, which in reality turned on a different issue.
Nor do I perceive any merit to the argument that the statutory maximum sentence limitation is violated by a successive probationary sentence after revocation of probation. In essence, such a view requires a sentencing court to “credit” a defendant for time served on probation prior to revocation. That is not required nor permitted. § 921.161, Fla.Stat. (1991); Pennington v. State, 398 So.2d 815, 817 (Fla.1981); Holmes; Smith v. State, 619 So.2d 994 (Fla. 3d DCA 1993).
Further, such a view deprives the trial court of discretion to refashion a sentence short of straight prison time for a defendant who has violated his probation. That appears contrary to section 948.06(1) quoted above, and to Poore. I think the Legislature intended to give the trial court the discretion to impose such a sentence after revocation of probation.
It is argued that the Legislature could not have intended the courts to impose indefinite probationary sentences ad infinitum after successive violations. But, the court clearly has the option to sentence a defendant to successive prison terms in excess of the statutory maximum, if a defendant violates a probationary split sentence or a Villery sentence. I fail to see the distinction.
In sum, I dissent because I disagree with the dictum relied upon in this case from Ogden and Kolovrat. It is in conflict with Ricketson and Ramey, and should be en banc’d. And, if this view prevails, at a minimum we should certify this ease as being in conflict with Quincutti.

. § 775.082(3)(d), Fla.Stat. (1991).