PER CURIAM.
Karl Burkey correctly contends that upon revocation of probation he should have re *1258 ceived credit for time previously served on probation. Burkey had been on probation since September 1991 and never received credit for time served upon revocation of probation. When the trial court in November 1993, upon a second revocation of probation, imposed two years’ community control and two years’ probation, Burkey had already served over two years on probation. Thus, Burkey’s combined term of community control and probation exceeds the five-year statutory maximum for a third-degree felony. See Straughan v. State, 636 So.2d 845, 846 (Fla. 5th DCA 1994) (“sentence of probation coupled with community control cannot extend beyond the statutory maximum for the offense charged”). Accordingly, we must reverse and remand for the trial court to credit Burkey for time previously spent on probation against the new probationary term. See State v. Summers, 642 So.2d 742 (Fla.1994).
Reversed and remanded.
SCHOONOVER, A.C.J., and PATTERSON and QUINCE, JJ., concur.