FULMER, Acting Chief Judge.
Steven Schwartz appeals the revocation of his probation and the sentence imposed. We affirm the revocation without discussion, but reverse the sentence because the trial court announced a general sentence and failed to give Schwartz credit for time previously spent on probation for the two counts of handling and fondling a child under the age of sixteen.
Schwartz was originally sentenced to concurrent terms of fifteen years of probation for sexual battery and for two counts of handling and fondling a child under sixteen years of age. Upon revocation of probation, the court imposed a general sentence as to all three offenses of one year of community control, followed by fourteen years of probation without giving Schwartz credit for time previously served on probation.
We reverse the sentences as to all three offenses and remand for resen-tencing because the trial court erred by announcing a general sentence. See Dorfman v. State, 351 So.2d 954 (Fla.1977). Additionally, it was error not to give Schwartz credit for the time he had already spent on probation for the two second-degree felonies of handling and fondling a child. The statutory maximum for these felonies is fifteen years in prison. See §§ 800.04(1), 775.082(3)(c), Fla. Stat. (1995). The total sentences imposed for these two felonies, without credit for time already served on probation, exceeds both the statutory maximum and the guidelines, and therefore, must be reversed. See State v. Summers, 642 So.2d 742 (Fla.1994); Straughan v. State, 636 So.2d 845 (Fla. 5th DCA 1994); Ogden v. State, 605 So.2d 155 (Fla. 5th DCA 1992).
Moreover, the trial court did not enter a revocation order. On remand, the trial court is directed to enter a written order. See Reyes v. State, 711 So.2d 1378 (Fla. 2d DCA 1998).
Affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion.
NORTHCUTT and DAVIS, JJ., Concur.